# SCHOOL DISTRICT OF PLATTSBURG, Appellant, v. BOWMAN et al.

### Division One, December 23, 1903.

1. **Taxation:** LEGISLATIVE POWER. It is competent for the Legislature to prescribe where personal property shall be assessed and taxed, and when it has so prescribed its requirements must be followed. But where the statute is silent on the subject, the general rule of law, which is that property is assessable and taxable at the place where it is located, must obtain.

2. ———: INSOLVENT PARTNERSHIP PROPERTY. The tangible property of a partnership is subject to taxation irrespective of whether the firm is solvent or insolvent.

3. ———: ASSESSMENT OF PARTNERSHIP PROPERTY. Partnership property is assessable in the name of the partnership, in the county and school district where is its place of doing business. It is not assessable against the individuals composing the partnership, nor in the county or school district where the partners reside, unless that county or district be also the one in which the firm has its place of business.

4. ———: ———: RULE AS TO SUITS. The fact that in suits against partnerships the members must be served individually, and at the place of their residence, does not affect the question of where partnership property is to be assessed for purposes of taxation, for that relates to a mere question of practice.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*W. S. Herndon* for appellant.

(1) It was the duty of defendant assessor, at the time of taking the several lists mentioned in the pleadings, to take the number of the school district in which the taxpayers therein named resided and to mark the same upon said lists and also on the personal assess-

ment book. Sec. 9844, R. S.-1899. This duty was first
placed upon the assessor by the amendment of section
7999, Revised Statutes 1889, in 1899. Laws 1899, p. 348.
Prior to this amendment, it was the duty of the school
district to furnish the county clerk with an alphabeti-
cal list of the taxpayers residing therein. Sec. 7999,
R. S. 1889. This amendment also dispensed with the
separate tax book "to be known as the school tax book,"
and provided that school taxes should be extended with
other taxes on the general tax book, according to the es-
timates furnished by the school districts. Laws 1899,
p. 348; sec. 8067, R. S. 1889. (2) The taxpayers
named in the several lists in controversy did not reside
in the school districts returned by the assessor, whether
they be considered as joint owners merely or as firms.
A partnership is not a legal entity, unless made so by
statute. and as such can not have a residence other than
that of the persons constituting the firm. Stewart v.
Platt; 107 U. S. 734; 15 Ency. Plead. and Prac., p. 846;
Byers v. Schlupe, 51 Ohio St. 300; Fitzgerald v. Grim-
mell, 64 Iowa 261. (3) A partnership as such can
have no residence separate and apart from its members,
even in those States where it is made a legal entity by
statute. 15 Ency. Pl. and Pr., p. 846; Byers v. Schlupe
and Fitzgerald v. Grimmell, supra. (4) "Residence"
can only be predicated of a person, natural or artificial.
A partnership, as distinguished from the members com-
posing it, is neither. The mere fact that a partnership
maintains for the transaction of its business an estab-
lised agent in a county where neither resides, can not
constitute the partnership a resident of such county.
There is no pretense that an individual would become
a resident of a county by merely transacting business
therein through an established agent and there is no
reason why a different rule should be applied to a part-
nership. By using the words "school district," instead
of "county," in the above quotation, its application to
this case can be readily seen. Byers v. Schlupe, supra;

Fitzgerald v. Grimmell, supra. (5) In the absence of statutory regulations, a partnership must sue and be sued in the name of its members, and not in the name of an association, as such associations are not recognized as legal entities apart from the members who compose them. Conrades v. Sphink, 38 Mo. App. 309; Mitchell v. Railroad, 45 Mo. App. 273; Revis v. Lamme, 2 Mo. 207; Fowler v. Wild, 62 Mo. 404. (6) A suit to collect the taxes on the property described in the several lists could only be brought against the individuals composing the so-called firms. Sec. 9246, R. S. 1899; State v. Titman, 103 Mo. 567; State v. Rowse, 49 Mo. 592.

*Sandusky & Sandusky* for appellants.

(1) Section 9121, Revised Statutes 1899, which provides that all personal property shall be assessed in the county in which the owner resides, does not meet this case. This is not a controversy between two counties, but between two school districts in the same county. (2) The word "person" in the revenue law includes "firm" or "company." Sec. 9123, R. S. 1899. And the revenue law provides for listing partnership property, and in such case exempts the individual partner from listing his share of it. Sec. 9182, R. S. 1899. (3) The property in controversy was properly assessed in the school district where it was located, and where the business was carried on. 1 Desty on Taxation, sec. 62; 25 Amer. and Eng. Ency. of Law (1 Ed.), 152; 22 Central Law Journal, 14; City of Plattsburg v. Clay, 67 Mo. App. 497. The taxation of firms is common. 120 Mo. 170. (4) In Cooley on Taxation, page 551, the rule is announced broadly that an assessor performs duties involving judgment and discretion, and can not be harassed with litigation on account of an error. To the same effect: Shearman & Redfield on Neg. (4 Ed.), sec. 310, p. 535, note. Our courts may not go so far; but they plainly assert that an action will not lie against

an assessor unless he acts willfully, and corruptly or maliciously.    Pike v. Megoun, 44 Mo. 497; Reed v. Conway, 20 Mo. 22; Edwards v. Ferguson, 73 Mo. 686; Schoettgen v. Wilson, 48 Mo. 253; Barhyte v. Shepherd, 35 N. Y. 238.    And the word "willfully" as used in these cases means "contrary to a man's own conviction."    Cook v. Hecht, 64 Mo. App. 279.    In other words there must be malice and bad faith.    (5)    The assessor acts judicially.    State ex rel. v. Hoyt, 123 Mo. 356; Rich Hill Mining Co. v. Neptune, 19 Mo. App. 441; Stanley v. Board of Supervisors, 121 U. S. 535; Shearman & Redfield on Neg. (4 Ed.), sec. 310, p. 535, note; Ins. Co. v. Charles, 47 Mo. 462.

MARSHALL, J.—This is an action by the School District of Plattsburg, Clinton county, a body politic under article 2 of chapter 154, Revised Statutes 1899, against the defendant Bowman, on his bond as assessor of taxes for Clinton county, and against the other defendants as the sureties on his bond, to collect, as damages, certain taxes for the year 1900, which it is alleged were lost to the plaintiff, by the act of the assessor in assessing certain tangible personal property, consisting principally of cattle, which was owned by several different partnerships, to the partnerships and in the school districts in the county in which the partnerships respectively did business, and in which the cattle actually were when assessed, instead of assessing to each of the partners his proportionate interest in the partnership property, in the school districts in which each of said partners resided.

All of the property has been assessed to the respective partnerships.    The only question is, which school district is entitled to the tax; that in which the partnership does business and in which the property is actually located, or that in which the partners reside; and if the partners reside in different school districts, whether the

proportionate interest of each partner in the partnership property should be assessed to each partner in the school district in which each resides?

The circuit court entered judgment for the defendants and the plaintiff appealed.

## I.

Primarily the assessment and collection of taxes are proceedings *in rem*. Therefore, where the property is actually located is the place where the assessment is made and the tax collected. It is, of course, competent for the Legislature to prescribe where personal property shall be assessed and taxed, and when the Legislature has so prescribed, such regulations must be followed. But when the statute is silent, the ordinary rules of law must obtain.

The property here involved is partnership property, and the owners of the property are the partnerships. The individuals composing the partnership have an interest in the partnership property. That interest can only be accurately determined by an accounting. The partnership may be wholly insolvent, so that the individual's interest would amount to nothing after the debts are paid. But the tangible property of the partnership is subject to taxation irrespective of whether the firm is solvent or insolvent. There is, therefore, a marked difference between partnership property and the individual interest of the individuals in the partnership property. In a legal sense the partnership is the owner of the property, while the members have an interest in the partnership.

The general rule of law is that partnership property is properly assessed in the name of the partnership and not in the names of the individuals composing the partnership in the proportion of the interest of each in the partnership.

Cooley on Taxation (3 Ed.), vol. 1, p. 659, thus states the rule: "The property of a partnership is

generally with much propriety required to be taxed at the place where the partnership business is carried on; and it may be assessed in the firm name, even after the death of one of the partners, if the business is continued in the firm name by the surviving partner for the purpose of winding it up. The assessment should be joint, and is a charge upon those only who were partners at the date when it is made."

Desty on Taxation, vol. 1, p. 298, sec. 62, says: "The firm, and not the individual members of it, is, for the purposes of taxation, considered as owner of its property, and it is to be assessed therefor. Even where parties reside in different districts, the firm property is taxable at the place where the business is conducted."

The Am. and Eng. Ency. of Law (1 Ed.), vol. 25, p. 152, lays down the rule as follows: "The State may authorize the taxation of the interest of a partner at his domicile, even though the business is conducted in another State. Generally, however, the place where the business is carried on is designated as the place where the personal property of the partnership is to be taxed. It has been held that if the statute is silent, personalty will be taxed at its actual *situs*, on the ground that a partnership can properly have no domicile. The Legislature can always designate the place where the partnership is situated as the place of taxation."

Thus the general rules of law appear well settled, that, primarily property is assessed and distrained for taxes at the place where it is actually located, and that the firm, not the individuals composing it, is, for the purposes of taxation, considered as owner of the property, and that the property is taxable at the place where the business is conducted.

The fact that in suits against a partnership, the members must be sued individually, and at the place of their residence, does not bear upon this proposition, for that is a question of practice, while the question here is one of taxation.

The proposition as to the assessment of partnership property is one of first impression in this court. The plaintiff contends that section 9121, Revised Statutes 1899, requires partnership property to be assessed against the members in proportion to their interest in the firm, and in the county or counties in which such members reside. That section provides: "All personal property, of whatsoever nature and character, situate in a county other than the one in which the owner resides, shall be assessed in the county where the owner resides; . . . and the owner, in listing, shall specifically state in what county, State or Territory it is situate or held."

This section undoubtedly changes the general and original rule, above pointed out, that tangible personal property is assessable and taxable where it is actually located, and makes it assessable where the owner resides. The courts have nothing to do with the wisdom of this change in the rule. The Legislature had power to so prescribe, and the courts must enforce the law.

But this section does not attempt to change the other rule of law, that the firm, and not its members, is considered the owner of the property, for the purposes of taxation. In fact the Legislature of this State does not appear to have ever considered the question of the assessment and taxation of partnership property, and the statute being silent, the general rules of law must be enforced.

The firm must, therefore, be regarded as the owner of tangible personal property, for the purposes of taxation. The firm being the owner, it follows, even under section 9121, Revised Statutes 1899, that the property must be assessed to the firm where it resides. But it is said that a firm can have no domicile. This is true except for the purpose of taxation, and for such purposes, its place of business is its domicile.

It seems reasonably clear, however, that the Legislature did not have in mind partnership property when

it enacted section 9121, and that that section is properly referable only to property owned by an individual. And this being true, the statute must be deemed to be silent as to the assessment and taxation of partnership property; and, therefore, the general rules of law pointed out must be held to obtain.

Counsel for defendant refer to section 9182, Revised Statutes 1899, which provides, *inter alia*: "Nor shall any partner be required to list or return any property, liability or supposed balance of said partnership due him, the property, effects and credits of said partnership being listed by any other partner."

The meaning of this provision is not very clear. But manifestly it can not mean that partnership property must be assessed to the individuals composing it in the proportion that each holds, for if that be so, there could be no sense in excusing any one member from listing his share thereof, nor could it be imagined that any one partner would list it all and thus make himself liable for the tax due by his co-partner. The only reasonable interpretation that can be put upon this provision is, that where the partnership property has been listed for taxation by any member of the firm, the individual members shall not be assessed upon their interest in the firm, for the tangible property had already been listed.

It is perfectly plain that in the very nature of things the attempt to assess to each individual member of a firm his proportionate interest in the firm's property, would lead to endless confusion. In the first place, to be just and accurate, it would require an accounting to ascertain what the interest of each partner was. In addition to this, if such interest was to be assessed to each member in the county where he resided and not where the property was actually located, more confusion would result. For if the firm was composed of three members, one of whom lived in St. Louis, and the other two in New York, and if the partnership property was

located in Cole county and the partnership business was carried on in that county, one-third of the property would be assessed in St. Louis and one-third of the taxes arising from the property would go to St. Louis, and as the other two parties were non-residents, the other two-thirds of the partnership property would have to be assessed in Cole county or not at all. Thus the county in which the property was located and which furnished the police and governmental protection to the property would lose one-third of the taxes that ought to go to it. And if none of the members of the firm lived in the county where the business was carried on and where the property actually was located, the county that afforded such governmental protection would lose all the taxes arising from the property. It may be said that this would result in no injustice in the long run and that the matter would even itself up, and it may be also truly said that the Legislature has power to so arrange the matter, but in the face of such conditions, it must clearly and satisfactorily appear that the Legislature so intended, before the general rule of law, that experience has shown to be so just and so simple, will be deemed to have been abolished.

In the case at bar the property was assessed to the firm as owner and at the place of business of the firm, and where the property was actually located. No part of this property was located in the plaintiff school district, but the members of the firm each properly listed his individual property where he resided.

Assuming that for school taxes each school district in a county bears the same relation to the other school districts in the same county, that each county in the State bears to the other counties in the State, with respect to the assessment of taxes, it nevertheless follows that the circuit court properly held that the assessments involved in this case were legally and properly made, and that the plaintiff was not entitled to recover.

The judgment is affirmed. All concur.