## COUNTY OF MORGAN v. COUNTY OF WALTON et al., and vice versa.

Under the undisputed evidence it was proper for the court to direct a verdict. The verdict directed, while in the main correct, was not so in every particular. The judgment will therefore be affirmed, with direction that the court below so amend the verdict and judgment as to make them conform to the principles of law announced in the accompanying opinion.

Argued October 28, 1904.—Decided January 27, 1905.

Equitable petition. Before Judge Russell. Walton superior court. August 18, 1904.

*Emerson H. George* and *Samuel H. Sibley*, for plaintiff.

*Henry D. McDaniel* and *John W. Arnold*, for defendants.

CANDLER, J. This case was before this court at the March term, 1904, and a full statement of the facts out of which it arose will be found in the opinion rendered by Mr. Justice Lamar in 120 *Ga.* 548. See also 120 *Ga.* 1028. Neither of the parties was satisfied with the result of the last trial, at the conclusion of which a verdict was directed by the court, and both the plaintiff and the defendants filed bills of exceptions. On the return of the remittitur from this court in the case of *County of Walton* v. *County of Morgan*, 120 *Ga.* 548, the defendants amended their answer, and for the first time claimed that if the part of the tax act of 1902 under the terms of which the tax in question was sought to be recovered from the County of Walton by the County of Morgan was constitutional, it was not applicable to the machinery and other personal property used in connection with the manufacturing plant. On the former hearing the County of Walton insisted that the act, if constitutional, only applied to the real estate and to the personal property that might be in or connected with the buildings containing the machinery, and not to personal property outside and not connected with said buildings or the ma-

chinery in the buildings.    On the return of the remittitur this
position was changed, and it offered an amendment claiming that
the personal property and the machinery in the mill were not tax-
able.    The following, taken from the amendment offered, clearly
states the contention :    " The defendant avers that the machinery
in the mill buildings . . is personal property, and not part of the
realty, and was returned as such personalty as provided by law.
The various machines, attachments, appliances, implements, and
tools for preparing, picking, carding, spinning, warping, dyeing,
weaving, finishing, and baling, which comprise the machinery em-
ployed to convert cotton into thread and cloth in the High Shoals
manufacturing plant can be removed from the mill buildings with-
out essential injury thereto or to the freehold, or to such machines
and other articles in question, not being actually attached to the
realty, but movable at pleasure.    The return of the company for
1903, embraced in the item 'machinery, $67,000.00,' all the nu-
merous small articles, attachments, appliances, implements, tools,
furnishings, and supplies used in running the machinery, not be-
ing parts of the machines and not permanently attached thereto,
as well as supplies, such as bobbins, spools, shuttles, harness, rov-
ing-cans, and other findings, but not including such supplies as
dyestuffs, oil, sizing, and similar articles which are consumed in
the manufacturing process and which were returned in the item
'raw material, $34,000.00," the value of the articles so embraced
in the item 'machinery, $67,000.00,' relatively to the whole val-
uation being $3,000.00 to $4,000.00, or approximately five per
cent. of $67,000.00."    On the trial it appeared that some of the
machinery located in the main building, which was clearly shown
to have been in Morgan County, was not permanently attached to
the building, and that all of it could be removed without detri-
ment to the building; that some of the appliances were not only
movable in fact, but were actually moved from one place to an-
other in the mill; that the machines not screwed down were
worth about $4,000.00; that the dyestuffs and things actually
used in the making of the goods were worth from $4,000.00 to
$6,000.00; and that without knowing exactly how much cotton
was in the mill on the 15th of March, some of it was actually in
the mill being manufactured.    The witness would say that per-
haps $20,000.00 worth of it was actually in the mill in the proc-

ess of manufacture. He thought as much as a half of it was at High Shoals the day the return was made. The court held that the item of machinery was all taxable in Morgan County, except the machines not screwed down; and that the personalty used with the machinery, such as roving-cans, bobbins, shuttles, etc., worth $4,000.00, was not liable for taxation in Morgan county, thus reducing the amount returned under the head of machinery from $67,000.00 to $59,000.00. The remainder of the property embraced in the return was held to be taxable in Walton County. Morgan County excepted, and assigns error especially upon the ruling depriving it of the tax on $4,000.00 worth of machinery not screwed down, $4,000.00 of cans and machinery necessary to the operation of the plant and actually used therein, $1,000.00 for horses and wagons used in the operation of the plant, $4,000.00 to $6,000.00 worth of dyestuffs actually used in the operation of the plant, the cotton actually in the mill and used in the operation of the mill, estimated at one half of the return under the head of " material on hand." Walton County and the High Shoals Manufacturing Company excepted to the refusal of the court to give certain charges requested in writing, and also to the direction of a verdict against them, claiming that there were issues of fact in the case which should have been passed upon by a jury.

In view of the able opinion of Mr. Justice Lamar, delivered when this case was formerly before the court, it is entirely unnecessary to discuss many of the questions made by the records now before us. Under the undisputed evidence in the case the court below should have directed a verdict, and in the main the verdict directed was proper. Prima facie, personal property is returnable where the owner resides. Under the constitution, the legislature may fix a different situs for all personal property. It may likewise make a classification which is not arbitrary, and provide that certain classes of personal property, because of their relation to real estate and the uses made thereof on the real estate, may be taxed therewith and treated as a part thereof for purposes of taxation. This is wholly independent of the question as to whether the personal property has lost its character as personalty, and by becoming a fixture is to be treated as a part of the realty. Where the classification is general, and based upon the fact that the personalty is used in connection with the operation of the realty, the

legislature by general law may, under the constitution, require
such property to be returned along with and as a part of the real
estate with which it is thus intimately associated by use. It was
therefore ruled, when the case was here before, that "the General
Assembly may provide that fixtures, machinery, or improvements
in manufacturing plants, or personal property attached thereto or
in actual use therein, shall be returned and taxed with the real
estate." In the opinion rendered at that time (120 *Ga.* 557) it
was said: " But in view of the provision of the constitution, that
taxes must be collected under a general law, [the General Assem-
bly] could not provide that cotton or merchandise, or other per-
sonal property dissevered from real estate, belonging to individ-
uals, should be taxed in one county, and the same class of prop-
erty belonging to a corporation should be taxed in another county.
. , . Nor was the question as to where such personalty should
be returned in any way affected by the fact that the goods had
been manufactured by the company, nor by the use to which the
cotton might be put after March 15, 1903. The source and in-
tended uses of the property did not put it into a class by itself,
but left it to be returned in the same way as similar property
would be returned by other taxpayers." Consequently it was de-
cided that merchandise in the store, cotton, vehicles, and live
stock were to be returned in Walton County, where the manufac-
turing company had its corporate residence. The records in the
cases now before the court raise the question, however, as to
where cotton and raw material in process of manufacture should
be returned. Confessedly it is on the dividing line. It is not
machinery; it is not a part of the plant; and yet it was actually
in the mill on the day of the assessment of taxes. But clearly
it was not taxable in Morgan County as cotton. After it was
manufactured it was not taxable in Morgan County as goods.
During the transition period it did not, however, come within the
letter or the spirit of the rule under which the machinery and the
appurtenances could be classified as fixtures physically attached to
the land, or appurtenances which were either parts of the machine
or necessarily used in connection therewith. The raw material
was dissevered from the plant. It was only temporarily in the
mill, and was as much taxable in Walton County as though the
company had shipped it to a distant State, there to be converted

into cloth. We think the court properly held that material, raw, manufactured, and in process of manufacture, was taxable in Walton County; that the live stock and vehicles were likewise there taxable, but that all the machinery, whether attached to the building or consisting of appliances used in connection with the machinery, were, when property classified, a part of the plant and taxable in Morgan County.

In view of the fact that the conclusion reached by the court below was in the main correct, and as it is desirable to put an end to this protracted litigation, we affirm the judgment on the bill of exceptions brought by Morgan County, but direct that the court below so amend the verdict directed on the trial as to require the County of Walton to pay to the County of Morgan the tax on all the machinery, whether attached to the building or not, and upon all the appliances used in connection with the machinery, the whole amounting in value, according to the return, to $67.000. The judgment on the bill of exceptions brought by the County of Walton and the High Shoals Manufacturing Company is affirmed.

*Judgment on bill of exceptions filed by the County of Morgan affirmed, with directions; on the other bill affirmed. All the Justices concur.*