STATE v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

Decided June 27, 1906.

**Railway—Taxation—Assessing Unrendered Property.**

The requirement to give the abstract number and number of certificate in rendering lands for taxation (Rev. Stats., arts. 5118, 5119) does not apply to the track of a railway company (Rev. Stats., arts. 5073, 5082), which is required to render its road as an entirety; and the assessor, in placing on the rolls as unrendered a part of the mileage omitted, need not describe it more fully than by giving the length of road omitted as a whole; and foreclosure for the back taxes on the unrendered portion could be had on such undivided part of the line through the county.

Appeal from the District Court of Franklin County. Tried below before Hon. P. A. Turner.

*C. W. Stringer,* for appellant.

*E. B. Perkins* and *Glass, Estes & King,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—The statement of the nature and results of the suit contained in appellant's brief, which is conceded by appellee to be correct, is as follows:

"This suit was instituted by the county attorney of Franklin County upon a back assessment compiled under article 5120a, Batts Civil Statutes, to recover delinquent taxes for the years 1888 to 1901, inclusive, upon about one-quarter of a mile of the roadbed of appellee, situated in Franklin County.

"The petition alleged, in substance, that since the year 1888, the appellee has had 11.29 miles of roadbed extending across Franklin County from east to west. That for the years 1888 to 1891, inclusive, 38-100 of one mile of said roadbed was not rendered for taxes in Franklin County and was not placed upon the unrendered roll, the rendition for said years being 10.91 miles, and that the taxes on said fractional part of a mile of said roadbed were delinquent and unpaid. A similar allegation was made with respect to 74-100 of one mile of

said roadbed for the years 1892 to 1898, inclusive and to 25-100 of one mile for the years 1899 to 1901, inclusive.

"That on the 6th day of February, 1904, the tax assessor of Franklin County, after having first ascertained by the certificate of the Comptroller of Public Accounts the fact that the records of his office do not show that said fractional part of a mile of roadbed in Franklin County has been rendered or assessed for the years aforesaid, proceeded to list and assess said property and place said assessment upon a back or additional roll which was duly certified by the Commissioners' Court for collection. That the State and county taxes due and delinquent, as shown by said roll amounted to $561.16, exclusive of interest and penalties.

"The suit was brought in the name of the State of Texas to recover said delinquent taxes upon said back assessment roll for the benefit of Franklin County, praying for judgment and foreclosure of said tax lien and for general relief, to which the defendant's general demurrer was sustained and, the plaintiff refusing to amend, the suit was dismissed.

*Opinion.*—Appellant assigns as error the action of the court below in sustaining appellee's general demurrer to appellant's petition and dismissing the suit. The record does not disclose the specific grounds upon which the action of the court below was based. We infer from the argument of counsel for appellee contained in their brief in support of the action of the court below, that such action was based upon the supposed ground that the assessor in making the list and assessment of the property for back taxes failed to comply with the statute relating to assessments of this character. If such action of the court was based upon that supposed ground in our opinion it is untenable. Article 5073 of Sayles' Revised Statutes provides that all railroad companies shall list all of their real and personal property, giving the number of miles of roadbed and line in the county where such roadbed and line is situated, at the full and true value; and article 5082, id., provides that it shall be the duty of every railroad corporation in this State to deliver a sworn statement on or before the first day of June of each year to the assessor of each county into or through which any part of their road may run, a classified list of all real estate owned by or in possession of the said company in said county, specifying the whole length of the railroad and the value thereof per mile, which valuation shall include right of way, roadbed, superstructure, depots and grounds upon which said depots are situated, and all shops and fixtures of every kind used in operating said road. Article 5120a, id., provides as follows:

"If the assessor of taxes shall discover in his county any real property which has not been assessed or rendered for taxation for any year since 1870, he shall list and assess the same for each and every year for which it has not been assessed, in the manner prescribed in the preceding article, and such assessment shall be as valid and binding as though it had been rendered by the owner thereof; but no such real property shall be assessed by the assessor unless he has ascertained by the certificate of the Comptroller of Public Accounts the fact that the

records of his office do not show that the property has been rendered or assessed for the year in which he assesses it." And article 5119 referred to in the above quoted article provides that if the assessor of taxes discovers any real property in his county subject to taxation which has not been listed to him, he shall list and assess such property; and specifies the manner of describing the same by giving the name of the owner, abstract number, number of certificate, etc.

In the case of Morgan v. Smith, 70 Texas, 637, the Supreme Court held, in effect, that any requisite of article 5119 need not be complied with where good cause is shown for such non-compliance; and the same doctrine is practically held in the cases of McCormick v. Edwards, 69 Texas, 108, and Henderson v. White, 69 Texas, 104.

Article 5118, Sayles Revised Statutes, provides the same manner and form of assessing real property by the owner as is provided in article 5119 to be complied with by the assessor in assessing unrendered real property. The statute providing for the listing and assessment of the roadbed or line of a railroad by the corporation owning same, does not require that the provisions of article 5118, relating to the manner of assessment of real property by the owner, be complied with, but simply requires that the number of miles of roadbed in the county, and the full and true value thereof be given. This being true, the assessor could not be required to give a more particular description of the property in listing and assessing it for back taxes when the owner had failed to render same, than the owner was required to give in making the rendition itself.

In our opinion the assessor of Franklin County made a legal and valid assessment of the part of appellant's roadbed unrendered by it for the respective years stated in appellant's petition, by giving on the rolls the distance or length of the roadbed not rendered by the appellee for said year, and giving the value thereof as assessed by him, after procuring the required certificate from the Comptroller, and all of these facts are shown by appellant's petition. The law providing that the whole length of a railroad through a county may be assessed for taxes by giving the length thereof and placing a value thereon per mile, in effect, provides for a valuation according to the average value of the entire length of the road through the county; and hence the road is assessed as an entirety and not as so many separate and distinct miles of road, nor as separate and distinct parts of the surveys over which it passes. And if, as alleged in appellant's petition, appellee has failed to render a part of its roadbed for taxation in Franklin County, and the assessor has listed and assessed same, as alleged in said petition, appellant would be entitled to a judgment for the amount of the taxes and a decree for the foreclosure of its lien upon an undivided interest in the roadbed of appellant to the extent shown by the assessment as pleaded by appellant.

In our opinion appellant's petition was not subject to general demurrer, and the court below erred in sustaining such demurrer. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*