### CITY OF GALVESTON v. J. M. GUFFEY PETROLEUM COMPANY.

Decided October 21, 1908.

**1.—Taxation—Situs of Personal Property.**

The Legislature may, in certain instances, give to property an artificial situs for the purpose of taxation; but where the property is physical in character, of a nature that can acquire an actual situs, it must, under our Constitution, be taxed in the county where actually situated or located.

**2.—Ships—Place where used—Registry.**

A Texas corporation, an oil company, having its principal place of business at Beaumont, in Jefferson County, owned certain ocean-going steamers and barges for transporting crude and refined oil. These were registered at Galveston, the nearest port of entry; but were employed in carrying oil from Port Arthur, a harbor in Jefferson County, to other ports, and bore the letters "of Port Arthur" upon each vessel. They had never been in a Galveston harbor. Held that their situs for purposes of taxation was in Jefferson County, and that they could not be assessed for city taxes in the city of Galveston, Galveston County.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*M. E. Kleberg*, for appellant.—All steamboats, sailing vessels and other water craft enrolled, registered or licensed in any custom house of the United States in the State of Texas are situated, for the purpose of taxation, at the place where said custom house is located, and if said place be in an incorporated city such vessels are subject to taxation by said city as other property situated within said city may be. Rev. Stats., arts. 5063, 5072; Galveston City Charter, secs. 19(c), 54 and 55; Special Laws, Twenty-eighth Leg., 262; State Constitution, art. 8, sec. 11.

American vessels must be registered at the port nearest to that where the owner, if there be but one, and if more, the husband or acting managing owner, usually resides, and that port shall be the home and situs of the vessel. Rev. Stats. of U. S., art. 4141; Hays v. P. M. Steamship Co., 17 How., 596; Morgan v. Parkham, 16 Wall., 471; Old Dominion Steamship Co. v. Virginia, 198 U. S., 299; Northwestern Lumber Co. v. Chehalis Co., 87 Am. St. Rep., 747.

*D. Edward Greer* (*F. C. Proctor*, of counsel), for appellee.—Where vessels have acquired an actual situs in a county of this State, the statute article 5072, providing that vessels shall be assessed and taxes paid' thereon in the county where they are registered or enrolled, is unconstitutional and void, as being in contravention of section 11 of article 8

of the State Constitution, if such vessels are registered or enrolled in a county other than where they have acquired the actual situs. Except for article 5072, if valid, the vessels of appellee would be taxable only at the residence of the owner, to wit, in Jefferson County; and article 5072 does not make them taxable in the city of Galveston, but only in Galveston County. State Constitution, art. 8, sec. 11; Cammack v. Matador L. & C. Co., 70 S. W., 454; Section 54 of the Galveston City Charter (Special Laws of the Twenty-eighth Legislature, 262); Mayor, etc., v. Baldwin, 57 Ala., 61; 29 Am. Rep., 712; Jordan v. Young, 37 Maine, 276; Hooper v. Baltimore, 12 Md., 464; People v. Niles, 35 Cal., 283; Middleton Ferry Co. v. Middleton, 40 Conn., 71; Wheeling, etc., Co. v. Wheeling, 99 U. S., 273; California & N. W. R. R. Co. v. Board of Public Works, 97 Va., 23; Ayer & Lord Tie Co. v. Kentucky, 202 U. S., 410; Old Dominion Steamship Co. v. Virginia, 198 U. S., 299; Cleveland, etc., v. Backus, 154 U. S., 439; Olson v. City of San Francisco, 82 Pac., 850; San Francisco v. Talbot, 63 Cal., 486.

FISHER, CHIEF JUSTICE.—*Statement of the nature and result of suit and findings of the court.*—This is a suit by the City of Galveston to recover of appellee $4,936.40, with interest and penalties, alleged by appellant to be due it for taxes levied and assessed upon certain vessels owned by appellee, which are enrolled and registered in the United States custom house in the city and county of Galveston.

The trial court held that these vessels were not subject to taxation in the city of Galveston, and rendered judgment in favor of appellee. The court found no conclusions of law, but found conclusions of fact, which are as follows:

"1. That the City of Galveston is a municipal corporation, duly chartered and incorporated by public law of the State of Texas, and that it is a separate and independent school district, and has power, and is bound by ordinances, to annually levy and collect a tax of twenty cents on the one hundred dollars' valuation upon the taxable property within the limits of said city for the support and maintenance of public free schools in said City of Galveston.

"2. That all the barges, schooners, steamers and vessels of every kind mentioned in plaintiff's petition are owned by defendant, and were enrolled in the United States custom house in the City of Galveston on the several dates mentioned in plaintiff's petition.

"3. That plaintiff was authorized to levy, assess and collect taxes for the year 1905, and that the levy and assessment of the taxes for the year 1905, made by the City of Galveston, including a school tax, as set forth in plaintiff's petition, were properly and regularly made, and that all requirements for a legal levy and assessment have been complied with.

"4. That defendant failed to render the said barges, steamers, etc., to plaintiff's assessor for listing and assessment on or before June 1, 1905, and the said assessor thereupon listed the said property for taxation as unrendered; that same was referred to plaintiff's Board of Equalization, by which, after due notice as required by law, the said property was appraised at the valuation stated in plaintiff's petition.

"5. That the levy for municipal taxes for the year 1905 was $1.52

on the $100 valuation, and that the levy for school taxes was twenty cents on the $100 valuation for said year.

"6.  That defendant has failed and refused to pay the amount of taxes charged against it by plaintiff, and still fails and refuses to pay the same.

"7.  That the United States custom house, where said vessels of the defendant are enrolled, is situated within the territorial limits of the City of Galveston in the State of Texas.

"8.  That the defendant is justly indebted to the City of Galveston in the sum of $4,936.40, with interest thereon at the rate of six percent per annum from the first day of January, 1906, and a penalty of five percent, if the property of said defendant described in plaintiff's petition was subject to taxation by the City of Galveston.

"9.  That it is a fact that each and all of the barges, steamers, schooners and vessels of every kind described in the plaintiff's petition are owned by the J. M. Guffey Petroleum Company, and no other person or corporation has any interest therein.

"10.  That the J. M. Guffey Petroleum Company is a private corporation, chartered under the laws of the State of Texas for the purposes of mining for and producing petroleum oil and other minerals.  That the principal place of business stated in the charter of the corporation, and domicile, is the city of Beaumont, Jefferson County, Texas, and that in said city of Beaumont, Jefferson County, Texas, it has and maintains its general offices, and not elsewhere, and that its managing officers and agents reside and have their offices in said city of Beaumont, and not elsewhere.

"11.  That at each and all of the times mentioned in plaintiff's petition, at which the vessels therein described were registered and enrolled at the port of Galveston, said port of Galveston was the only port of entry situated within the collection district in which the city of Beaumont is situated, and said vessels were enrolled at said port of Galveston in compliance with the navigation laws of the United States, because said city was the nearest port of entry at which they could be registered or enrolled to the residence of the owner, to wit, the nearest port of entry to Beaumant, Jefferson County, Texas.

"12.  That each and all of said vessels have painted on the stern, in white letters on black ground, the name of the vessel and the words 'of Port Arthur,' in compliance with the navigation laws of the United States, requiring that each vessel shall have its name and the name of the port nearest to the place where the owner resides so painted on the stern, it being shown that Port Arthur is situated twenty miles from the city of Beaumont, the residence of the J. M. Guffey Petroleum Company, and that Galveston is some ninety miles from said city of Beaumont.

"13.  That Port Arthur is situated in Jefferson County, Texas, and is a port at which ocean-going vessels receive and discharge freight and passengers doing an interstate and international business, and at which numerous barges, schooners and water craft of all kind receive and discharge cargo in an interstate and coastwise trade.  That Port Arthur is twenty miles from Beaumont and about ninety miles from Galveston, and is situated on Sabine Lake or Sabine Bay, at the north end of Port

Arthur canal, which canal is navigable for vessels drawing twenty-two feet, and connects the town of Port Arthur with Sabine Pass, and thence through the jetties to the Gulf of Mexico. That Port Arthur is not a port of entry, and vessels can not be registered or enrolled there under the laws of the United States.

"14. That not one of the vessels described in plaintiff's petition has ever been actually or physically in the City of Galveston, or in Galveston Bay, and none of them have ever done any business to or from the port of Galveston. But there is nothing to prevent said vessels from entering the port of Galveston and doing business there in the event their owners should deem it proper to do so.

"15. That all of the steamers described in the petition ply between Port Arthur and Philadelphia, and New York, and other points along the Atlantic seaboard, and are engaged in the business of carrying oil, crude and refined, from Port Arthur to the above-named ports. That when not actually engaged on the seas in carrying oil, or at the port of destination in unloading same, said steamers are at Port Arthur, Jefferson County, Texas, awaiting cargo or taking on cargo, and have never been in the port of Galveston for any purpose whatever.

"16. That all the barges and vessels, except steamers described in plaintiff's petition, are engaged in the transportation of oil, crude and refined, from Port Arthur, Texas, to points along the coast, and sometimes to points in the interior reached by rivers, but that at all times when said vessels are not engaged in the actual carrying of oil away from Port Arthur they are stationed there, and remain at Port Arthur, in Jefferson County, Texas, and none of them have ever been in Galveston, or the waters of Galveston Bay, for any purpose whatever.

"17. It is further agreed that the J. M. Guffey Petroleum Company has and maintains no office or agent of any kind in the City of Galveston, Texas, and conducts no business of any kind or character at or from said city.

"18. That all the vessels described in plaintiff's petition are specially built and fitted for the carrying of petroleum oil, crude or refined, and could not be used for carrying other kinds of freight without extensive and costly alterations; are engaged solely in said business, and were so engaged during all the times mentioned in the petition; that said vessels take cargo only at Port Arthur, and carry no passengers and no freight, except oil, and always come back to Port Arthur empty, carrying no return cargo."

*Opinion.*—The Legislature may, in certain instances, give to property an artificial situs for the purposes of taxation, but when the property is physical in character, or of a nature that can acquire an actual situs, it must, under our Constitution, be taxed in the county where actually situated or located. The finding of the court is to the effect that these vessels so taxed have an actual situs at Port Arthur, in the County of Jefferson, and are not, and have never been, within waters located within the territorial jurisdiction of the City of Galveston.

That vessels may acquire an actual situs is a proposition too well settled to be questioned, and that the place of enrollment and registration is not controlling if the actual situs is elsewhere. Old Dominion Steam-

ship Co. v. Virginia, 198 U. S., 299; Ayer & Lord Tie Co. v. Kentucky, 202 U. S., 410; Mobile v. Baldwin, 57 Ala., 61; 29 Am. Rep., 713.

The court having determined by a finding, which is not disputed, that the actual situs of these vessels was at a place other than the City of Galveston, the latter was wanting in jurisdiction to assess the vessels for taxation.    Its power in this respect is limited to property within the limits of the city, or that of a nature intangible, and personal property which has not acquired an actual situs elsewhere owned by the citizens of that city.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.