STATE v. HOUSTON & T. C. RY. CO.
(No. 7603.)

(Court of Civil Appeals of Texas. Galveston. June 19, 1918. On Motion for Rehearing, Jan. 15, 1919.)

1. APPEAL AND ERROR ⬤⟷773(4)—BRIEFS— FAILURE TO FILE.

Where there was no fundamental error apparent of record, and no brief has been filed pointing out any error committed in the trial of the case, the judgment will be affirmed.

On Motion for Rehearing.

2. NAVIGABLE WATERS ⬤⟷8½, New, vol. 13 Key-No. Series—NAVIGATION DISTRICT—TAXATION.

The "Harris County Ship Channel Navigation District of Harris County," though having the same boundaries as Harris county, has no power of taxation, except such as is expressly conferred upon it by the law of its creation.

3. NAVIGABLE WATERS ⬤⟷8½, New, vol. 13 Key-No. Series—NAVIGATION DISTRICT—TAXATION.

The law conferring upon a navigation district the power of taxation will be strictly construed.

4. TAXATION ⬤⟷25—NATURE OF POWER—INCIDENT OF SOVEREIGNTY.

The power of taxation is an incident of sovereignty, and all questions in regard to it address themselves to the discretion of the legislative department, whose conclusions, within the limits of the Constitution, are final.

5. TAXATION ⬤⟷28—DELEGATION OF POWER— CONSTRUCTION OF STATUTE—PRESUMPTION.

The grant of taxing power to any county or district by the Legislature should be construed with strictness, the presumption being that the Legislature has granted in clear terms all it intended to grant.

6. MUNICIPAL CORPORATIONS ⬤⟷956(1)—INHERENT POWER TO TAX.

Municipalities have no inherent power to tax.

7. COUNTIES ⬤⟷190(1)—TAXATION—AUTHORITY OF COUNTY COURT.

The county court has no power or authority to levy a tax beyond that which may be conferred upon it by law.

8. TAXATION ⬤⟷284—RAILROAD PROPERTY— ROLLING STOCK — INTANGIBLE ASSETS — SITUS.

Intangible assets and rolling stock of railroad are of such a nature and character that they have no actual situs in any particular county or district.

9. TAXATION ⬤⟷253—RAILROAD PROPERTY— PLACE OF TAXATION—POWER OF LEGISLATURE.

Since railroad's rolling stock and intangible assets have no actual situs in any particular county or district, it is within the lawful power of the Legislature to determine whether such property shall be embraced within the limits of a taxing district, and whether it shall be taxed for the purposes of such district.

10. TAXATION ⬤⟷253—RAILROADS—INTANGIBLE PROPERTY.

A railroad corporation has no constitutional right to have its intangible property taxed only at its place of domicile.

11. TAXATION ⬤⟷253—PERSONAL PROPERTY— SITUS — VALUATION — POWER OF LEGISLATURE.

Unless restrained by some constitutional provision, the Legislature may fix the situs for taxation of all personal property.

12. NAVIGABLE WATERS ⬤⟷8½, New, vol. 13 Key-No. Series — NAVIGATION DISTRICT— POWER OF TAXATION—RAILROAD PROPERTY.

In view of Const. art. 8, § 8, and Rev. St. 1911, art. 7525, Legislature may empower navigation district to tax rolling stock and intangible property of railroad, notwithstanding Const. art. 8, § 11, providing that property shall be assessed "in the county where situated," such property having no actual situs.

13. NAVIGABLE WATERS ⬤⟷8½, New, vol. 13 Key-No. Series—TAXING POWER OF NAVIGATION DISTRICT—RAILROADS—ROLLING STOCK —INTANGIBLE ASSETS—"WITHIN SAID DISTRICT."

Navigation district having power to tax property "within said * * * district" has no power to tax rolling stock and intangible assets of railroad, such property not being within said district, in view of Const. art. 8, §§ 8, 11, and Rev. St. 1911, art. 7525, being property of such character that it has no actual situs, and not being physically within such district.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Within the District.]

14. TAXATION ⬤⟷284—SITUS—RAILROADS.

Acts 30th Leg. (First Called Sess.) c. 17, authorizing county tax officers to include the intangible values in the values fixed on the tangible property, did not have the effect of fixing a situs for rolling stock and intangible assets of railroad company.

⬤⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. NAVIGABLE WATERS ⬨⟾8½, New, vol. 13 Key-No. Series — NAVIGATION DISTRICT— TAXATION — STATUTE — "WITHIN SAID DISTRICT."**

Law creating navigation district, authorizing district to assess all property "within said navigation district, * * * whether real, personal, mixed, or otherwise," authorized the taxation of only such property as is actually physically within the limits of the district.

**16. NAVIGABLE WATERS ⬨⟾8½, New, vol. 13 Key-No. Series—NAVIGATION DISTRICT—TAXATION — INTANGIBLE PROPERTY — ROLLING STOCK—"MIXED OR OTHERWISE."**

Navigation district's power to "tax property within said navigation district, whether real, personal, mixed, or otherwise," gives district no power to tax intangible assets and rolling stock of railroad upon theory that the term "mixed or otherwise" gives such authority, for such words relate back to, and are qualified by, the words "property within said navigation district."

**17. STATUTES ⬨⟾219—CONSTRUCTION.**

The contemporaneous and particular construction of a statute by those whose duty it is to carry it into effect, though not absolutely controlling, is entitled to great weight by the court.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Suit by the State of Texas against Houston & Texas Central Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

John H. Crooker and H. H. Cooper, both of Houston, for appellant.

Baker, Botts, Parker & Garwood and Mc-Means, Garrison & Pollard, all of Houston, for appellee.

LANE, J. This suit was instituted by J. H. Crooker, district attorney, in behalf of the state of Texas, by authority and order of the commissioners' court of Harris county, against the Houston & Texas Central Railway Company, to recover certain taxes alleged to be due and payable to the county of Harris for the use and benefit of the Harris County Ship Channel Navigation District, which was duly organized by an act of the 31st Legislature of this state (Acts 31st Leg. c. 15), the boundaries of said district being the same as those of Harris county.

The taxes sought to be collected by this suit are such as were assessed on the full value of the intangible assets of appellee as were apportioned to Harris county by the state tax board, and the full value of its rolling stock as apportioned to said county by the comptroller of the state.

Appellant, plaintiff below, contends that such taxes are assessable and collectable for the use of said Harris county Ship Channel Navigation District, and appellee contends that there is no law authorizing the assess-

ment and collection of such taxes for such purposes.

The cause was tried before the court without a jury upon the issues submitted. After hearing the evidence adduced and argument of counsel, the court rendered judgment for the defendant.

The cause is one of which the trial court had jurisdiction. The judgment rendered is one which the court could have properly rendered upon the record before us.

[1] No brief has been filed in this court by appellant pointing out any error committed in the trial of the cause. There is no fundamental error apparent of record. Wherefore the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

This cause was submitted to this court upon the record and brief of appellee, appellant having filed no brief. Upon consideration of the cause thus submitted we affirmed the judgment of the trial court, as shown by the original opinion.

Since our opinion has been filed, and in due time, appellant has filed its motion for rehearing, and, together with its motion, has filed its brief. Appellant now asks that, because of the importance of the question involved, we grant it a rehearing and upon such hearing that we consider its brief. Appellee urges no objection to the motion. We therefore grant the motion, and will now proceed to consider and dispose of the assignment and propositions presented by appellant's brief.

By the first and only assignment it is insisted that—

"The court erred in rendering judgment for the defendant, because the undisputed evidence shows that the taxes sought to be recovered were duly levied and assessed against the rolling stock and intangible property of the defendant in Harris county, Texas, in a manner provided by law."

It is agreed that the only question for decision is whether or not "Harris County Ship Channel Navigation District of Harris County" has the power to tax the value of the rolling stock and intangible property of appellee as fixed by the state tax board and apportioned and certified to the tax assessor of Harris county for county taxation purposes.

The propositions presented under appellant's assignment are, in substance, first, that the rolling stock and the intangible property of a railroad company is property and subject to the payment of taxes in the same manner as other property; second, that the property involved in this cause was situated within the limits of the Harris County Ship

Channel Navigation District, and is therefore subject to levy and payment of taxes to support and maintain such navigation district, in the same manner and to the same extent as any other property; third, that the commissioners' court of Harris county has the authority to enforce the collection of delinquent taxes levied upon the rolling stock and intangible assets of a railroad company situated in said county and navigation district for the use of said district.

[2, 3] While it is true that the rolling stock and intangible property of the defendant railroad company is property and taxable as such in the manner and place, and for the purposes, prescribed by law, it by no means follows that it is taxable in said navigation district for its use and benefit. The fact that its boundaries are the same as those of Harris county is immaterial. The "Harris County Houston Ship Channel Navigation District of Harris County" has no power of taxation, except such as is expressly conferred upon it by the law of its creation, and in determining such power such law must be strictly construed. Wood v. City of Galveston, 76 Tex. 126, 13 S. W. 227; Carlile v. Eldridge, 1 White & W. Civ. Cas. Ct. App. § 989; Fort Worth v. Davis, 57 Tex. 225; Baker v. Panola County, 30 Tex. 87; Brown v. Graham, 58 Tex. 255.

In the further discussion of the contention of appellant we shall, with some omissions and addition of other matter, copy and adopt as our own the discussion of these issues found in the very able, comprehensive, and condensed brief of appellee, and which is strongly supported by the authorities there cited.

[4] "It is axiomatic that the power of taxation is an incident of sovereignty, and that all questions in regard to it address themselves to the discretion of the legislative department, whose conclusions, within the limits of the Constitution, are final. It must determine all questions of state, county, district, and municipal necessity and policy in ordering or authorizing a tax, and in apportioning it.

[5] "In the construction of any grant of taxing power to any county or district by the Legislature, the rule is that it should be construed with strictness, the presumption being that the Legislature has granted in clear terms all it intended to grant.

[6] "Counties and other municipalities and districts have no inherent power to tax."

Cooley on Taxation, 1st Ed.

In the case of Baker v. Panola County, the Supreme Court said:

[7] "It cannot be seriously contended that the county court has any power or authority to levy a tax beyond that which may be conferred upon it by law."

In Brown v. Graham, 58 Tex. 254, the court said:

"The county commissioners' court can levy no taxes unless the power to do so be plainly and unmistakably conferred."

Another clear statement of the rule is in the case of Carlile v. Eldridge, 1 White & W. Civ. Cas. Ct. App. § 989:

"It is an unquestioned rule, of universal application, according to all the authorities, to construe a grant of the sovereign power to tax, made by the state to one of its municipalities, with strictness. Cooley on Taxation, 209. A municipality does not possess an inherent power to levy taxes; it can do so only through the delegation of the power to it by the state, and, if the state has erred in the direction of strictness, the Legislature alone can correct" it.

The rule above stated has been uniformly adhered to by the courts of this state, as indicated by the authorities cited.

"Therefore, in the consideration of the case, we start with two established propositions, viz.:

"First. The Harris County Houston Ship Channel Navigation District of Harris County, for whose benefit the tax is sought to be collected, is a voluntary taxing district, created by a vote of its resident property taxpayers, under the authority of an act of the Legislature defining its rights, powers, and privileges, including that of taxation.

"Second. As to taxation, including things to be taxed and the amount thereof, it has no inherent power, and the grant given it under the act of creation must be strictly construed."

[8, 9] "The property involved in this case is not of a nature and in manner of use such as to acquire an actual situs in any particular county or district, it is within the lawful power of the Legislature to determine whether it shall be embraced within the limits of a taxing district, and whether it shall be taxed for the purposes of said district." Kettle v. City of Dallas, 35 Tex. Civ. App. 632, 80 S. W. 874; City of Galveston v. Guffey, 51 Tex. Civ. App. 642, 113 S. W. 585 (writ of error denied by Supreme Court); State v. Higgins Oil & Fuel Co., 116 S. W. 617; Ry. Co. v. State, 25 Ind. 177, 87 Am. Dec. 358; School v. Bowman, 178 Mo. 654, 77 S. W. 880; B. C. & A. R. Co. v. Wicomico Company, 93 Md. 113, 48 Atl. 853; State ex rel. K. C., St. J. & C. B. R. R. Co. v. Severance, 55 Mo. 378; Ry. Co. v. Alamance, 84 N. C. 504; Langdon v. School Dist., 116 Ky. 562, 76 S. W. 381; Layman v. Tel. Co., 123 Iowa, 591, 99 N. W. 205; Morgan County v. Walton County, 121 Ga. 659, 49 S. E. 776; Ry. Co. v. Wright, 151 U. S. 470, 14 Sup. Ct. 396, 38 L. Ed. 238; Cooley on Taxation (1st Ed.) p. 1175.

"The Constitution provides (article 8, § 11) that all property shall be assessed for taxation and the taxes paid 'in the county where situated.' The Supreme Court held that the

intangible tax law and its method of determining value and apportioning same did not violate this provision. Ry. Co. v. Shannon, 100 Tex. 389, 100 S. W. 138; Lively v. Ry. Co., 102 Tex. 557, 120 S. W. 852. As to the rolling stock of railway companies, there is provided a special method for its assessment and apportionment. Article 8, § 8. These properties have no fixed situs. They enter into and become a part of the entire line, adhering to, and being a part of it as a 'going concern.'" Express Co. v. Auditor, 166 U. S. 185, 17 Sup. Ct. 604, 41 L. Ed. 965; State v. Ry. Co., 60 S. W. 886; Id., 94 Tex. 530, 62 S. W. 1050; City of Tyler v. Cocker, 58 Tex. Civ. App. 605, 124 S. W. 729.

[10] As said by the Supreme Court of the United States in the case of Columbus Southern Railway Co. v. Wright, 151 U. S. 470, 14 Sup. Ct. 396, 38 L. Ed. 238, a railroad corporation has not the constitutional right to have its intangible property taxed only at its place of domicile. It is entirely competent for the Legislature to fix its situs for taxation.

[11] Unless restrained by some constitutional provision, the Legislature may fix the situs for taxation of all personal property and a method of ascertaining its value. Morgan County v. Walton County, 121 Ga. 659, 49 S. E. 776; Layman v. Iowa Tel. Co., 123 Iowa, 591, 99 N. W. 205; State ex rel. K. C., St. J. & C. B. R. R. Co. v. Severance, 55 Mo. 378. As to rolling stock of railway companies, the Legislature is not only not prohibited from fixing situs for taxation and apportioning value, but is expressly authorized to do so, the apportionment to be among the "counties" through which the road runs in proportion to distance run through the "county." The legislative provision (Rev. St. 1911, art. 7525) follows the provisions of the Constitution both as to assessment and apportionment. The "intangible tax" act provides for the "ascertaining of the value of and the apportionment of the intangible assets." The situs of such assets has not been fixed in the counties, but on the contrary, has been fixed elsewhere.

"These constitutional and statutory provisions are based upon the fundamental idea that these properties of railway companies have no actual situs, and are of a kind and character to justify a limitation and restriction as to how they should be taxed, and for what purposes, i. e., only by the 'state' and the 'county.' Aside from the question involved in a proper construction of the Constitution as applied to a statute which fixes the place for taxation of property that has an actual situs elsewhere, as in the case of City of Galveston v. Guffey, 51 Tex. Civ. App. 642, 113 S. W. 585, the authorities are uniform, so far as we have been able to ascertain, that 'what property shall be embraced within a municipal corporation or taxing district, and whether it shall be taxed for municipal purposes, are political questions, to be determined by the lawmaking power.'" Kettle v. City of Dallas, 35 Tex. Civ. App. 632, 80 S. W. 874; Norris v. Waco, 57 Tex. 635.

[12] It is clear, therefore, that the Legislature has the power to say whether or not the Harris County Houston Ship Channel Navigation District of Harris County may levy a tax on the rolling stock and intangible assets of railroad companies.

[13] The intangible assets and rolling stock of appellee is not property "within said district," within the meaning of the Constitution and statutes, and, the power of the district to tax same not being expressly granted by the act of its creation, the tax proposed to be levied is unlawful.

[14] It must be conceded that the intangible assets of a railway company have no situs within Harris county. Prior to the enactment of the act of 1905 (Acts 29th Leg. c. 146), of which chapter 17, Acts First Called Session of the 30th Legislature is an amendment, the law authorized the county tax officers to include the intangible values in the values fixed on the tangible properties; but the act of the 30th Legislature inaugurated the state policy of separating the intangible assets from the tangible properties, and provided a method of doing this and of apportioning the values. It could not, however, be maintained that this act had the effect of fixing a situs for such assets or any portion thereof.

As to rolling stock, our courts have held that they should take cognizance of the fact that it is required to be constantly in actual use all along the line of road. The Constitution, and the statute passed under its provision, both recognize, in the method adopted for its taxation, that it has no actual situs as a whole. The record in this case does not disclose that any portion of the property in question was in Harris county as of January 1st of any year for which a tax is sought to be collected.

[15] The law which gives the Houston Ship Channel Navigation District its taxing power provides that taxes shall be levied and assessed upon "all property within said navigation district, whether real, personal, mixed, or otherwise." This means that the property "must be actually physically within the limits of the municipality where it is sought to be taxed, in order to be subject thereto." City of Tyler v. Cocker, 58 Tex. Civ. App. 605, 124 S. W. 729. The court in this case further said:

"Laws affecting taxation are generally construed strictly against the government, or taxing power, and will not be extended beyond the plain import of the language used. Atlantic, etc., Railway v. Lyons, 101 Va. 1, 42 S. E. 932. The terms of our Constitution are as potent in excluding from the taxing powers of cities and

towns personal property not 'lying and being' within their limits as in conferring the right to tax that which is."

[16] The property sought to be taxed not being actually physically "within said navigation district," power must be sought elsewhere than in the terms locating the property subject to taxation for assessing the tax. It cannot be predicated upon the terms "mixed or otherwise"; for by every rule of construction they relate back to, and are qualified in their meaning and effect by the "property" which they describe, and that is property "within said navigation district."

The presumption is that the Legislature expressed in clear and unmistakable terms all it intended to grant. If it had intended that the tax assessor of Harris county, for the benefit of said navigation district, should extend on the tax rolls the value of intangible assets as fixed and certified by the state tax board, and the value of the rolling stock as certified by the comptroller, it would have been, and must be, clearly expressed in the words of the grant.

The Constitution and laws of Texas restrict and limit the payment of taxes on the intangible assets and rolling stock of railway companies to the "state," and the "counties" through which the road runs, and do not authorize the assessment of same for taxes by, or for the use of, any district created by the voluntary act of the residents of said district.

There was a bill introduced in the same Legislature at which the navigation act was passed, and two years after the intangible assets act was passed, to wit, the 31st Legislature 1909, which bill, in section 57, sought to subject to taxation for school district purposes intangible assets. This bill was finally passed and became a law after being amended in several particulars, one of the amendments being that of section 57, by striking out the word "all," and "all of the following words in said section," which included the provision to tax intangible assets for school district purposes. The words stricken out are as follows:

"All intangible assets, as well as all other property, shall be subject to taxation for school purposes, and that part of the intangible assets subject to taxation in the county, as fixed by the state tax board, which shall be apportioned to a given district, shall be determined by the tax assessor."

There was introduced in the Thirty-Second Legislature a bill to require all companies subject to the intangible assets law to pay local taxes on intangible assets to incorporated cities, school districts, and road districts in the state. The reason for its enactment, as stated in the last section, which included the emergency clause, was "that there is now no law in this state providing for a tax on intangible assets of railroad companies," etc., "by incorporated cities and towns, school districts, and road districts, and the necessity for such a law." This bill was favorably reported by a committee of the Senate, where it was introduced, but never became a law.

There was introduced in the Thirty-Third Legislature of Texas a bill for the taxation of intangible assets of certain corporations by school districts, and it provided that as a reason for its passage "that there is now no law in this state to authorize the collection of local school taxes for a common school district, and for independent school districts, upon the intangible assets of certain associations, corporations," etc. This bill was reported adversely by the committee of the House, in which it was introduced.

The word "intangible" in the act of the 30th Legislature, First Called Session, c. 17, § 8, should be "tangible." See certified copy of section 8, as finally passed by the Legislature, and filed in office of Secretary of State. Const. art. 8, § 8; Const. art. 10, § 4; Rev. St. 1911, art. 7525; Acts First Called Session 30th Leg. c. 17; Acts 31st Leg. c. 15, § 23; Baker v. Druesedom, 197 S. W. 1043; City of Davenport v. Ry., 16 Iowa, 348; Ry. v. Lyons, 101 Va. 1, 42 S. E. 932; and authorities cited hereinbefore.

It is shown by the record that on May 28, 1907, the comptroller of public accounts rendered the following opinion:

"May 28, 1907.

"Mr. W. H. Stoner, Assessor Victoria Co., Victoria, Texas:

"Dear Sir: Your letter of the 24th inst., to the Attorney General, making inquiry as to whether the intangible assets of those corporations coming under the provisions of the intangible assets act are subject to taxation by independent school districts, has been referred to this department for attention.

"Section 8 of said act provides that the companies, corporations, firms, and individuals subject to the provisions thereof shall, in addition to the ad valorem taxes on tangible properties, which are now, or which may hereafter be, imposed upon them, respectively, by law, annually, beginning with the first day of January, 1906, pay a tax to the state for the year 1906, and for each year thereafter, on their intangible assets and property, and local taxes thereon to the counties in which this business is or shall hereafter be carried on.

"Section 16 of said act provides that the state tax board shall report or certify to the tax assessor of each county the amount of intangible assets apportioned to his county, and that the assessor shall extend and pro rate upon his tax roll the state and county taxes upon all such intangible assets.

"Section 16 further provides that all such state and county ad valorem taxes upon all intangible property in this state belonging to any individual, company, corporation, or association embraced in said act shall be assessed under its provisions, and not otherwise.

"From the above it will be seen that provision is made for the assessment of this property for

state and county taxes only, and that the provisions in section 16 for reports by the state tax board are that such reports shall be made to the county tax assessor only. There is no provision anywhere in the act for reports to be made by the board to independent school districts, nor is there any provision for the assessment of such property for school district taxes.

"I have to advise, therefore, that it is the opinion of this department that independent school districts are not entitled to any apportionment of intangible assets under said act, nor have they the right to assess such property, for school district taxation, separate and apart from the tangible property to which such intangible assets adhere, as is done for state and county purposes.

"Yours very truly,
"[Signed]      J. W. Stephens, Comptroller."

And that on April 1, 1914, the Attorney General rendered the following opinion:

"April 1, 1914.
"Hon. O. H. Rodes, County Attorney, Emory, Texas:

"Dear Sir: We have your communication of recent date, in which you say:

" 'There is a school district tax in common school district No. 13 of this county of 50 cents for 1913, and 20 cents for 1912. The Texas Short Line Railroad has $3\frac{1}{10}$ miles of their track in this district; through an oversight and mistake of the tax assessor of this county, he failed to assess this railroad for the district school tax for either year.

" 'I desire to know if the tax collector or assessor now has authority to assess these taxes against the railroad company for these years, and, if so, whose duty is it to make the assessment. Is the intangible assets of the railroad and the rolling stock subject to the district school tax?'

"Replying to your first question, will say that under the provisions of articles 7565 and 2836, Rev. St. 1911, under the facts stated by you, it would be the duty of the assessor of taxes for your county to list and assess the taxes for the years 1912–13 against the property of the railroad within the school district mentioned, in the manner provided by article 7565. See, also, State v. St. Louis Southwestern Ry. Co., 96 S. W. 69.[1]

"Replying to your second question, I will say that the intangible assets and the rolling stock of a railroad company are not subject to the local school district taxes. They are liable for county taxes proper, but not for taxes levied by subdivisions of counties.

"Yours truly,
"[Signed]          Luther Nichels,
"Assistant Attorney General."

The construction of the Attorney General of the law applicable to local school districts, shown above, applies with equal force to the question here presented.

---

[1] 43 Tex. Civ. App. 533.

[17] The contemporaneous and particular construction of a statute by those whose duty it is to carry it into effect, though not absolutely controlling is entitled to great weight by the court. In re Valhoff (D. C.) 238 Fed. 405. In the case of Auditor of Public Accounts v. Cain (Ky.) 61 S. W. 1016, there was involved the construction of a law fixing the fees of clerks for certain services. It had been construed in a particular way for many years by the legislative and executive branches of the government. The court said:

"The executive branch of the government must necessarily give a construction to the laws which it must execute; and if its construction has been followed for years, and in view of, and without interference by, the lawmaking power, then such contemporaneous and long-continued construction should not be departed from without the most cogent reasons. A long-continued practice * * * under such circumstances ripens into an authoritative construction of it."

The Supreme Court of Texas, in the case of Tolleson v. Rogan, 96 Tex. 432, 73 S. W. 524, in discussing the contemporaneous construction of statutes by officers whose duty it was to construe and enforce them, said:

"The great weight which, from necessity, courts must often give to the contemporaneous construction put upon laws by other departments and officers to whom is committed their practical administration, is so well understood that it need not be dwelt upon. Sound public policy requires the solving of all mere doubts in favor of constructions so made and uniformly acted upon."

The last case cited was approved and followed in the following cases: State v. Houston Oil Co., 194 S. W. 422; Yoakum County v. Slaughter, 195 S. W. 1129; City of Tyler v. Cocker, 58 Tex. Civ. App. 605, 124 S. W. 729.

The bills which have been introduced in the Legislature of this state since the enactment of the intangible assets law, and the opinions of the Attorney General, offered in evidence in this case, clearly show that the Legislature and the Attorney General have both construed such law as not being authority for the taxation of the rolling stock and intangible assets of railway companies, except by and for the use of the state and counties. These constructions, and the law as announced by the authorities cited herein, constrain us to hold that the trial court did not err in rendering judgment for the defendant.

We deem it unnecessary to prolong this opinion by further discussion, as the authorities cited clearly sustain the judgment of the trial court. The judgment is affirmed.

Affirmed.