## LILLIAN ROLLER v. THE STATE.

### No. 2336. Decided February 12, 1902.

**1.—Transfer of Indictment—Misdescription of Offense—Jurisdiction.**

The statute, Code of Criminal Procedure, article 471, does not require the order transferring an indictment to an inferior court to state the name and nature of the offense; and where the indictment charged adultery, and the order of transfer to the county court recited the offense as "adultery and fornication," such misdescription did not vitiate the transcript of transfer nor deprive the county court of jurisdiction of the offense.

**2.—Same—Evidence—Certificate of District Clerk.**

A misdescription of the offense in the transcript transferring a case from the district to the county court can not be cured or amended by a certificate of the clerk of the district court to the effect that only one indictment against defendant from said district court had been transferred, and that it charged defendant with adultery; but, the transcript being otherwise sufficient, the admission in evidence of said certificate was harmless.

**3.—Adultery—Evidence.**

On a trial for adultery charged to have been committed by defendant with one B., any testimony tending to prove the allegations of the indictment and show an illicit intimacy between defendant and B. was admissible in evidence.

Appeal from the County Court of Ellis. Tried below before Hon. J. E. Lancaster, County Judge.

Appeal from a conviction of adultery; penalty, a fine of $100.

Appellant was charged by the indictment, in two counts, with adultery by unlawfully living together and habitual carnal intercourse; and by habitual carnal intercourse, without living together, with one Mell Bass; each party being then and there lawfully married to another person then living.

No statement necessary.

No briefs for either party on file with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of adultery, and her punishment assessed at a fine of $100.

Appellant excepted to the action of the court overruling the following plea to the jurisdiction of the court: "That the court is without jurisdiction to try this cause, for the following reasons: This charge is by indictment returned by the grand jury of this county into the District Court of Ellis County, Texas, charging defendant with adultery. The transcript of the district clerk of Ellis County accompanying the indictment herein, appears to have transferred a case or indictment against appellant charging her with fornication and adultery. Wherefore defendant says, that the transcript is insufficient, and this court is without jurisdiction." That portion of the transcript which describes the offense, is as follows: "No. 12407, State of Texas v. Lillian Roller, Adultery and Fornication. 3 day 4 week, June A. D. 1900." Appellant's contention appears to be that the statement of the offense as adultery and fornication, when the charge was simply "adultery," rendered the transcript null and void, and therefore that the court is without jurisdiction, because the same is a misdescription of the offense as charged in the indictment, to wit, adultery. Article 471, Code of Criminal Procedure, provides: "Upon the filing of an indictment in the district court of each county in this State, which charges an offense over which the court has no jurisdiction, the judge of said court shall immediately, or as soon as convenient, make out an order transferring the same to such inferior court as may have jurisdiction to try the offense therein charged, stating in such order the cause transferred and to what court transferred." From this article, it will appear that the order of transfer does not require the transcript to state the name and nature of the offense, and we so held in Tellison v. State, 35 Texas Criminal Reports, 388, and Malloy v. State, 35 Texas Criminal Reports, 389. We hold that a misdescription of the name and nature of the offense, such as has been indicated above, would not vitiate the transcript; nor deprive the county court of jurisdiction over the offense. The transcript shows the name of the defendant, the district court number of the case, and then says that defendant is charged with "adultery and fornication." The bare statement of the fact that defendant was charged with "adultery and fornication" instead of "adultery" alone, as the indictment indicates, would not deprive the county court of jurisdiction. Therefore we hold that the court did not err in overruling appellant's motion.

Bill number 2 complains of the court permitting the county attorney to introduce a certificate from the clerk of the District Court of Ellis County, certifying, as follows: "The State of Texas v. Lillian Roller. No. 7432. That the indictment against the above named defendant in said cause now pending in County Court of Ellis County, in which said indictment the said Lillian Roller is charged with adultery, is the only indictment against the said Lillian Roller returned by the grand jury charging said offense against the said Lillian Roller, and is the only indictment transferred from this office against said Lillian Roller." It appears that the county attorney admitted that the minutes of the District Court of Ellis County showed that the court ordered an indictment

against Lillian Roller charging her with "adultery and fornication" transferred to the county court, and that the clerk's minutes showed said fact. The indictment simply charged adultery. Appellant objects to this certificate because irrelevant, and did not amend or in any way remedy the defect complained of in the original transcript. The transcript could not be amended by the certificate. However, we have held above that the transcript was sufficient, and the error in the admission of the certificate therefore becomes harmless.

In the third bill of exceptions appellant complains that the court permitted Minnick to testify for the State that during the year 1900 he was an officer, and as such went to the house of Lillian Roller to arrest a woman whom he was informed was staying with her; that he saw no one at the house of defendant except defendant and the woman he was seeking; that M. M. Bass (with whom appellant was charged with living in adultery) was not there; that defendant, Lillian Roller, asked him if he would accept Bass as a surety on the said woman's bond; that he did not arrest the woman because she "gave him the slip" and got away. Appellant objects to this testimony, because the same is irrelevant and immaterial; that the defendant stood charged by indictment with the offense of adultery with M. M. Bass, and the said testimony did not in any way show any connection between defendant and said Bass,— that defendant and Bass were living together; nor was it a circumstance tending to show their relations were in any manner wrongful or illegal; nor was it a circumstance tending to prove the State's case against defendant in any way. We do not think these objections are tenable. Certainly it was a circumstance to introduce the declarations of defendant asking witness if he would take Bass as surety on another person's bond, thereby indicating that defendant could secure Bass' signature to said bond. If this was a fact, then to that extent it would show an intimacy between defendant and Bass, and being a circumstance, however meager, tending to prove the allegations of the indictment.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*