

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 8, 1961

Mr. Richard L. Coffman
Administrator, Texas
 Employment Commission
Austin, Texas

Opinion No. WW-1137

Re: Proper computation dates and
    taxable wages to be used in
    experience tax rate computations
    under subsection 7(c)(4) of
    Article 5221b, V.C.S., under
    facts stated.

Dear Mr. Coffman:

The facts as stated in your opinion request are substantially as follows:

> A subject employer came within the provisions of the Texas Unemployment Compensation Act, hereinafter referred to as the Act, Article 5221b-1, et seq., V.C.S., in 1958 by virtue of having four or more employees on a day in twenty different weeks in a year. The employer has remained subject to the Act each year although he has not paid any tax. The employer's status was discovered and determined in 1960.

Assuming that the subject employer now pays his contributions on his total taxable payroll for the years 1958 or 1959 or 1960 on or before October 31, 1961, your question is:

> Are the contributions on the total taxable payroll for the year, or years, 1958, 1959 and 1960, if now paid on or before October 31, 1961, to be considered in computing the "benefit wage ratio" in determining the employer's tax rate for 1961?

Those provisions of the Act with which we are primarily concerned are:

Article 5221b-17(b)(1)

> "'Benefits' means the money payments payable to an individual, as provided in this Act, with respect to his unemployment."

Article 5221b-17(d)

> "'Contributions' means the money payments to the State Unemployment Compensation Fund required by this Act."

Article 5221b-5(c)(4)

"The benefit wage ratio of each employer shall be a percentage equal to the total of his benefit wages for the thirty-six (36) consecutive completed calendar months immediately preceding the date as of which the employer's tax rate is determined divided by his total taxable payroll for the same months on which <u>contributions have been paid</u> to the Commission <u>on or before the last day of the month in which the computation date occurs</u>; provided that, in the event the employer has less than three (3) years but at least one (1) year of compensation experience, such computation shall be made on the basis of all of the employer's compensation experience during the consecutive completed calendar quarters (throughout which his account has been chargeable with benefit wages) immediately preceding the date as of which the employer's tax rate is determined. As amended Acts 1949, 51st Leg., p. 283, ch. 148 § 5A; Acts 1955, 54th Leg., p. 399, ch. 116 § 5.
Operative Jan. 1, 1956." (Emphasis ours)

Article 5221b-5(d) in part reads:

"The computation date for all experience tax rates shall be as of October 1 of the year preceding the calendar year for which such rates are to be effective, and such rates shall be effective on January 1 of the calendar year immediately following such computation date for the entire year; . . . . As amended Acts 1949, 51st Leg., p. 283, ch. 148, § 5E; Acts 1955, 54th Leg., p. 399, ch. 116, § 5, Acts 1957, 55th Leg., p. 1350, ch. 460, § 4."

These statutes are clear and plain meaning and the date for computation of the subject employer's experience rate is to be determined by tracking the statute; i.e. <u>the computation date for all experience tax rates shall be as of October 1 of the year preceding the calendar year for which such rates are to be effective; and such rates shall be effective on January 1 of the calendar year immediately following such computation date for the entire year.</u>

You advise that for many years the Texas Employment Commission, hereinafter referred to as the Commission, has interpreted the term, "computation date", as used in subsection 5(c)(4) and 5(d), Article 5221b, V.C.S., to be the date as of which a tax rate for the succeeding period (calendar year) is calculated, i.e. October 1 of the year immediately preceding the calendar year for which the tax rate is applicable - not the date on which the arithmetic is actually performed. You further advise that the arithmetic computation is actually performed subsequent to the date of October 31.

Under the formula relied upon by the Commission to determine an employer's tax rate, the first step is to divide the total benefit wages paid by the employer by the total taxable payroll for which contributions have been paid. Under the fact situation herein, the denominator of the benefit wage ratio is nil, i.e., there is no amount of the total taxable payroll upon which contributions have been paid to be divided into the "benefit wages". Therefore, it is impossible to compute an experience benefit wage ratio for the subject employer herein and it is impossible to assign him an experience tax rate of less than the maximum of 2.7% for any year when the contributions on his total taxable payroll have not been paid on or before October 31 of the preceding year.

In order for the employer to avail himself of an experience rate for any particular year less than the statutory maximum, he must have paid those total taxable payroll contributions due before the last day of the computation month, i.e., October 31 of the preceding year. We again point out that this is necessary because those total taxable wages on which contributions have been timely paid form the denominator of the formula used to arrive at the particular employer's benefit wage ratio. Under the facts presented herein, there were no total taxable wages on which contributions had been timely paid, hence the ratio is indeterminate.

While we believe the statute is clear and unambiguous, even should there be any ambiguity the legislature has met many times since Article 5221b-5(c)(4) and (d) was construed by the Commission as above indicated and has not undertaken to change the statute so as to alter the construction given to such statute as above indicated. If the legislature did not approve the construction which has been given the statute, it could have easily amended the law.

The Courts of this State have always recognized and applied the rule of statutory construction that where a statute of doubtful construction has been construed by executive officers of the State charged with its execution, and it has been subsequently re-enacted without substantial change of language, it will continue to receive the same construction. H. & T.C. Ry. v. State, 95 Tex. 507, 521, 68 S.W. 777, 781 (1902); Tolleson v. Rogan, 96 Tex. 424, 73 S.W. 520, 524 (1903); State v. Duke, 104 Tex. 355, 370, 137 S.W. 654, 662 (1911); Koy v. Schneider, 110 Tex. 369, 401, 221 S.W. 880, 885 (1920); State v. H. & T.C. Ry., 209 S.W. 820, 825 (Tex. Civ. App. 1918); Greenwood v. City of El Paso, 186 S.W. 2d 1015, 1018 (Tex. Civ. App. 1945).

An excellent discussion of this doctrine by the Supreme Court of Texas is found in Stanford v. Butler, 142 Tex. 692, 700, 181 S.W.2d 269, 273, 274 (1944), wherein the court sets forth the rule as stated immediately above and cites numerous authorities for the acceptance of such rule.

Mr. Richard L. Coffman, Page 4    (Opinion No. WW-1137)


     In accordance with the foregoing, you are advised that it is the opinion of this office that the contributions on the total taxable payroll for the year, or years, 1958, 1959, and 1960, if now paid on or before October 31, 1961, are not to be considered in computing the benefit wage ratio in determining the employer's tax rate for 1961, but such contributions would be considered in computation of the subject employer's 1962 tax rate.

### S U M M A R Y

The contributions on the total taxable payroll for the year, or years, 1958, 1959, and 1960, if now paid on or before October 31, 1961, are not to be considered in computing the benefit wage ratio in determining the employer's tax rate for 1961.

Sincerely yours,

WILL WILSON
Attorney General of Texas

By Marvin Thomas
Marvin Thomas
Assistant

MT:fb

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Milton Richardson
Fred Werkenthin
Ralph Rash

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays