

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EL PASO COUNTY, TEXAS, | § | No. 08-19-00105-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 448th District Court |
| EL PASO COUNTY EMERGENCY SERVICES DISTRICT NO. 1 AND EL PASO COUNTY EMERGENCY SERVICES DISTRICT NO. 2, | § | of El Paso County, Texas |
| | § | |
| | § | (TC# 2016-DCV-4705) |
| Appellees. | | |

## **O P I N I O N**

El Paso County, Texas (the "County"), appeals the trial court's denial of its Plea to the Jurisdiction, alleging that El Paso County Emergency Services Districts No. 1 and No. 2 ("ESD No. 1" and "ESD No. 2," respectively; collectively, the "ESDs") failed to sufficiently plead their request for declaratory judgment against the County under the Uniform Declaratory Judgment Act ("UDJA") to waive the County's immunity from suit.

We agree. The ESDs fail to plead a valid waiver of the County's sovereign immunity under the UDJA. Additionally, the facts alleged indicate the presence of fatal jurisdictional defects, including lack of standing to seek most of the requested relief, which cannot be cured by further amendment. We find the trial court erred in denying the County's plea to the jurisdiction and that the ESDs' request for declaratory judgment should have been dismissed.

We reverse and render judgment for the County of El Paso.

## BACKGROUND

### *Conflict Between the ESDs and the County*

The facts in this appeal are brief and appear to be undisputed. On August 29, 2016, ostensibly acting under the authority of Section 775.305, the El Paso County Commissioners Court (the "Commissioners Court") denied the ESDs' recommended tax rates for fiscal year 2017. On October 3, 2016, the Commissioners Court ratified the statutory tax rates for the ESDs for fiscal year 2017. The Commissioners Court notified the City Tax Assessor about the ESDs' tax rates by correspondence from the Commissioners Court's counsel on October 4, 2016. Counsel for the ESDs was copied on the letter to the City Tax Assessor. On October 7, 2016, then-County Judge Veronica Escobar contacted the ESDs by letter explaining that the effective rate was adopted by operation of law consistent with the requirements of Section 26.05(c) of the Texas Tax Code because the ESDs failed to submit an amended recommended budget or tax rate following the denial on August 29, 2016.

The ESDs filed the instant lawsuit on December 29, 2016. On March 6, 2017, they filed their First Amended Original Petition for Declaratory Judgment. Then, on July 20, 2017, the Third Amended Original Petition[1] (hereafter "the Petition" or "the ESDs' Petition") was filed. It is the live pleading now at issue in this case.

### *The ESDs' Petition*

The Petition contains a boilerplate jurisdictional assertion stating, "[t]he subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because all the parties are Texas residents and/or operate the relevant business or services

---

[1] A review of the record in this appeal shows that the live pleading at issue is the second amended version of the ESDs' original petition, which the ESDs titled the Third Amended Original Petition.

2

in Texas, as applicable." In the Petition's facts section, the ESDs provide a general background on the creation of emergency services districts in Texas and how they are governed and funded. The ESDs then discuss Subchapter K and the County's alleged role in petitioning the state legislature for its enactment.

What follows next in the Petition are the ESDs' opinions regarding the County's implementation of Subchapter K beginning with fiscal years 2016 (which the ESDs refer to as fiscal years 2015-2016) and 2017 (which the ESDs refer to as fiscal years 2016-2017). Specifically, the ESDs allege that the County erroneously believes that Subchapter K (a) grants it complete oversight over the budget and tax rates of the ESDs, (b) requires the ESDs' boards to account to the County regarding all budgetary matters, and (c) gives the County final approval over the ESDs' budget and tax rate. The ESDs further allege that the County asserts that if it does not approve of the ESDs' budgets and tax rates, then the budgets and tax rates "adopted" by the ESDs are "voided."

The ESDs reference four documents purportedly attached to their pleading, which they allege is evidence of actions taken by the County of which they now complain. However, there are no documents attached to the Petition and it is unclear from the allegations what actions the County allegedly took about which the ESDs complain. In spite of the exhibit's absence, we consider the documents attached to the ESDs' Original and First Amended Original Petitions, which appear to be the exhibits they intended to attach to their most recent pleading and are a part of the record on appeal. The documents consist of a copy of the full text of Subchapter K; excerpts from the meeting minutes of the October 3, 2016 Commissioners Court meeting; the letters from Assistant County Attorney Jed Untereker to the City of El Paso Tax Assessor notifying her of the tax rates adopted for fiscal year 2017 as to both of the ESDs; and the letter from then-County Judge Veronica Escobar to counsel for the ESDs regarding the reasoning behind the Commissioners

3

Court not approving the ESDs' recommended tax rates.

The ESDs allege that the County's actions reduced their expected tax revenues in 2016 by $53,819.00 as to ESD No. 1, and $165,148.03 as to ESD No. 2.

The Petition then mentions a lawsuit filed in the Western District of Texas styled *El Paso County, et al. v. The State of Texas, et al.* The ESDs quote what they allege to be a portion of the complaint in that suit and allege that, therein, the County asserts, "the same arguments, allegations and defenses [under the United States Constitution's Fourteenth Amendment Due Process Clause] on its own behalf as those set forth in this instant suit" by the ESDs. It is not clear from reading the Petition what the cited portion of the federal case has to do with the ESDs' lawsuit against the County.

In their request for declaratory relief, the ESDs seek the following declarations, which are stated below exactly as set forth in the Petition, except where indicated otherwise:

1. Chapter 775(k)/775.305 [sic] of the Texas Health and Safety Code does not give to El Paso County, Texas, final approval authority over [the ESDs'] budgets and tax rates.

2. Section 26.05(c) of the Texas Tax Code does not apply to the action taken by El Paso County Texas, to reduce the tax rate adopted by the [boards] for both [ESDs] and should not have been utilized by El Paso County, Texas, to reduce the adopted tax rates to the lower or effective tax rate for 2016 or actual tax rate for 2016.

3. The power alleged to have been given to El Paso County, Texas under Chapter 775(k)/775.305 [sic] i[s] not at all common as asserted by the County of El Paso, as it only applies to both [ESDs] and to no other districts in the State of Texas.

4. Alternatively, Section 775(k)/775.305 [sic] of the Texas Health and Safety Code is an unconstitutional infringement on [the] ESDs' independent authority as a Special District created under the Texas Constitution by allowing a separate governmental authority to have control over the budget and tax rate of the Districts. This is not found to exist anywhere in the State of Texas.

5. Alternatively, Section 775(k)/775.305 of the Texas Health and Safety Code is an unconstitutional infringement on [the] ESDs' right to equal protection pursuant to the Fourteenth Amendment to the United States Constitution.

4

The ESDs plead for attorney's fees pursuant to Section 37.009 of the UDJA, and seek an injunction against the County to preclude further "interference" regarding the ESDs' budgets for fiscal year 2017-2018.

### *The County's Plea to the Jurisdiction*

On August 14, 2017, the County filed its first plea to the jurisdiction. It then filed an amended answer, plea to the jurisdiction, and special exceptions to the ESDs' Petition on February 21, 2019. The County argued that there is no justiciable controversy because the ESDs' alleged claims are moot, and attached evidence in support. The County also argued that claims requesting statutory construction do not waive the County's immunity under the UDJA.

The ESDs filed a response on April 2, 2019. In their response, the ESDs state that Section 37.006 of the UDJA requires that all interested parties be named in the suit. Their response does not address the issues raised by the County regarding immunity or justiciability. Following a hearing on the County's plea, the trial court denied the County's plea and its special exceptions on April 10, 2019.

## DISCUSSION

Although the legal contentions are somewhat vague, a global view of the ESDs' Petition shows they disagree that Subchapter K grants the Commissioners Court authority to deny the ESDs' proposed tax rates and budgets, and contest the validity of Subchapter K under federal and state constitutional grounds.

The County presents one issue on appeal: the trial court should have granted its Plea to the Jurisdiction and dismissed the ESDs' suit for lack of subject-matter jurisdiction based upon the County's governmental immunity. Specifically, the County argues that: (1) the ESDs fail to identify any valid waiver of the County's immunity; (2) the ESDs fail to articulate a basis for their

5

constitutional challenges, i.e., what principle or provision of the constitution is violated; (3) the ESDs fail to overcome the presumed constitutionality of the statute about which they complain; and (4) the ESDs do not plead and cannot prove the trial court's supervisory jurisdiction over the Commissioners Court. The County also argues that, in the alternative, the ESDs' claims are moot.

The ESDs' brief states that it is challenging the validity of Subchapter K of the Health and Safety Code as allowed under the UDJA. They state that under the UDJA they are required to "serve notice upon any person or entity that would possibly be affected" by the outcome of the declaratory relief sought, but that the County is not actually a defendant in the suit. The ESDs' brief also states that because it is not bringing suit pursuant to the Texas Tort Claims Act or otherwise seeking damages against the County, it is not required to plead or prove waiver of the County's immunity. The ESDs' brief does not address the County's argument that its claims are moot.

Within the one issue raised by the County are three questions we must potentially answer as to each requested item of relief: (1) does the request constitute a justiciable controversy between the parties; (2) may the County's governmental immunity be waived under the UDJA for the relief sought; and (3) did the ESDs adequately plead waiver under the UDJA in order to obtain the requested relief.

### *Historical Context of Commissioners Courts and Emergency Services Districts*

County commissioners courts in the state of Texas have broad powers and duties to govern their respective county in a multitude of "legislative, executive, administrative, and judicial functions." *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997) (*referencing* TEX.CONST. art. V, § 18(b)). Although created by the Texas Constitution, they are subject to directives enumerated by the legislature and may undertake only that authority explicitly

6

granted by either the Texas constitution or the legislature. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). However, commissioners courts have "implied authority to exercise the power necessary to accomplish" those duties assigned to them by the constitution or the legislature. *Id.* One of the legislative responsibilities of many commissioners courts in conducting county business is to levy ad valorem taxes, although that responsibility is not explicitly granted to commissioners courts in the Texas Constitution, nor is it an exclusive right of commissioners courts in general. *See* TEX.CONST. art. VIII, § 1-a (the power to levy ad valorem taxes is granted to the counties of the state); *Vinson v. Burgess*, 773 S.W.2d 263, 267 (Tex. 1989)(notwithstanding inclusion of the term "Commissioners court" in discussing levying annual county tax rates, the legislature's intent was not that commissioners courts would have exclusive authority to do so).

Among the duties and obligations granted to commissioners courts, as discussed by the County in its brief, is the supervision of some other governmental units. *See, e.g.,* TEX.HEALTH & SAFETY CODE ANN. § 281.021 (commissioners courts appoint board members of hospital districts); *Id.* § 281.091 (commissioners courts review and approve hospital districts' budgets). One form of governmental unit overseen by the commissioners courts are emergency services districts, like the Appellees, here. *See, e.g., id.* § 775.034(a)(commissioners courts appoint district board members in emergency services districts located wholly in one county); *Id.* § 775.036(a)(4)(emergency services districts are required to submit reports to the commissioners court upon request). Emergency services districts are entities of constitutional creation, and, where established, "may provide emergency medical services, emergency ambulance services, rural fire prevention and control services, or other emergency services authorized by the Legislature." TEX.CONST. art. III, § 48-e. Emergency services districts receive their powers through legislative enactment. *See,*

*generally,* TEX.HEALTH & SAFETY CODE ANN. §§ 775.001-775.306.

### Texas Health and Safety Code Chapter 775, Subchapter K

In 2013, the Legislature enacted Subchapter K of chapter 775 of the Texas Health and Safety Code ("Subchapter K"). *See* Act of Apr. 26, 2013, 83rd Leg., R.S., ch. 21, § 1, 2013 TEX.GEN.LAWS 27, 27-29 (codified at TEX.HEALTH & SAFETY CODE ANN. § 775.301-306). Subchapter K applies "only to a district that is located wholly in a county that borders the United Mexican States, that has a population of more than 800,000, and for which the commissioners court appoints a board of emergency services commissioners under Section 775.034." TEX.HEALTH & SAFETY CODE ANN. § 775.302(a). Subchapter K therefore applies to emergency services districts in El Paso County. Section 775.305 of Subchapter K ("Section 775.305"), in emergency services districts to which that subchapter applies,

(a) Requires the commissioners court to establish a schedule for a district to prepare an annual budget, tax rate calculations and notices, and a recommended tax rate and to submit the budget, calculations, notices, and recommendation to the commissioners court for final approval.

(b) Requires the schedule to take into account requirements of [Chapter 775], Chapter 26 (Assessment), Tax Code, and Section 21 (Increase In Total Property Taxes; Notice and Hearing; Calculation), Article VIII, Texas Constitution, applicable to adopting a district tax rate and provide the commissioners court with a reasonable amount of time to review the submissions required under Subsection (a).

(c) Requires the board to prepare and submit to the commissioners court an annual budget for final approval, and submit to the commissioners court and the county tax auditor tax rate calculations and notices as well as a recommended tax rate, according to the schedule established under this section.

(d) Provides that the commissioners court is considered to have approved the budget if the commissioners court does not approve or deny a budget submitted to the commissioners court under this section before the 31st day after the date the budget is submitted.

(e) Provides that the commissioners court is considered to have approved the recommended tax rate and the recommended tax rate is the rate for the year in which the rate is recommended if the commissioners court does not approve or

deny a tax rate recommended to the commissioners court under this section before the 31st day after the date the recommended tax rate is submitted.

*Id.* § 775.305(a)-(e).

### *Texas Tax Code Section 26.05*

Section 26.05 of the Texas Tax Code, which is referenced in Section 775.305(b), states in pertinent part,

(a) The governing body of each taxing unit, before the later of September 30th or the 60th day after the date the certified appraisal roll is received by the taxing unit, shall adopt a tax rate for the current tax year and shall notify the assessor for the unit of the rate adopted. The tax rate consists of two components, each of which must be approved separately. The components are:

   (1) For a taxing unit other than a school district, the rate that, if applied to the total taxable value, will impose the total amount published under Section 26.04(e)(3)(C), less any amount of additional sales and use tax revenue that will be used to pay debt service . . .; and

   (2) The rate that, if applied to the total taxable value, will impose the amount of taxes needed to fund maintenance and operation expenditures of the unit for the next year.

.          .          .

(c) If the governing body of a taxing unit does not adopt a tax rate before the date required by Subsection (a), the tax rate for the taxing unit for that tax year is the lower of the effective tax rate calculated for that tax year or the tax rate adopted by the taxing unit for the preceding tax year. A tax rate established by this subsection is treated as an adopted tax rate. Before the fifth day after the establishment of a tax rate by this subsection, the governing body of the taxing unit must ratify the applicable tax rate in the manner required by Subsection (b).

TEX.TAX CODE ANN. § 26.05(a),(c). "Taxing unit" includes counties, and implicates commissioners courts as the governing body of a county and as a "political unit of this state . . . authorized to impose and [which] is imposing ad valorem taxes on property[.]" *Id.* § 1.04(12); *see* TEX.CONST. art. V, § 18(b). "Taxing unit" also includes special districts like emergency services districts, because they are "authorized to impose . . . ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs

9

its affairs." TEX.TAX CODE ANN. § 1.04(12); *see also* TEX.HEALTH & SAFETY CODE ANN. § 775.031(a)(5)(stating that emergency services districts may impose and collect taxes as prescribed by Chapter 775); *Id.* § 775.031(d)("A district is not required to perform all the functions authorized by this chapter."). "Governing body" as used in Section 26.05 of the Tax Code is not defined therein. However, when the term is considered in context with Section 775.305, it appears that, as applied to the ESDs in this case, "governing body" refers to the commissioners court. *Compare* TEX.TAX CODE ANN. § 26.05, *with* TEX.HEALTH & SAFETY CODE ANN. § 775.305 (commissioners court has final approval over tax rate and budgets proposed by the boards of the ESDs, and power to approve or deny budgets submitted by the boards of the ESDs).

### *Standard of Review*

A plea to the jurisdiction may challenge the jurisdictional sufficiency of the pleadings, the facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Where a plea to the jurisdiction challenges only the substance of the pleadings, we look to see if the plaintiff has "alleged facts affirmatively demonstrating subject-matter jurisdiction." *Id.* But if the plea to the jurisdiction is aimed at the existence of jurisdictional facts, "we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Id.* at 770-71. A sovereign immunity assertion implicates the trial court's subject-matter jurisdiction and a defendant may properly raise the issue in a plea to the jurisdiction. *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019).

Here, the County argues that the ESDs' failed to plead jurisdictional facts, and alleges that no facts exist that could support jurisdiction. The County also attaches evidence it claims affirmatively negates jurisdiction by proving the dispute is moot. When the existence of subject-

matter jurisdiction by virtue of an immunity waiver and the merits of the claim are intertwined, and a governmental unit brings forth its own evidence purportedly defeating subject-matter jurisdiction, we review a plea to the jurisdiction decision under the same standard of review used for summary judgments. *Alamo Heights I.S.D.*, 544 S.W.3d at 771. To avoid dismissal under this standard, a plaintiff must raise at least a genuine issue of material fact to overcome the challenge to subject-matter jurisdiction. *Id.* "In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor[,]" though "we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Id.*

Pleadings that fail to allege facts affirmatively showing jurisdiction, but which can be cured by amendment, indicate a lack of pleading sufficiency, and the plaintiff should be allowed to amend. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007)(noting that unless the pleadings demonstrate an incurable defect, plaintiffs should be given the opportunity to amend). However, where the allegations reveal an incurable defect and thus affirmatively negate the trial court's jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*; *Tabrizi v. City of Austin*, 551 S.W.3d 290, 303 (Tex.App.—El Paso 2018, no pet.).

Each issue addressed in this appeal—mootness, standing, and immunity—is one of subject-matter jurisdiction, and thus each could be considered a "threshold" issue since an absence of subject-matter jurisdiction obviates a case from being heard. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Justiciability, which includes the doctrines of mootness and standing, requires a court to determine "whether the named plaintiffs have

11

suffered an actual injury, and whether there exists a live, non-abstract question of law that, if decided, would have a binding effect on the parties." *Heckman v. Williamson County*, 369 S.W.3d 137, 147 (Tex. 2012). We thus look first at whether a justiciable controversy exists between the parties.

### The ESDs' Claims Are Not Moot

The County asserts that the ESDs' sought declaratory relief is rendered moot because, since denying the ESDs' proposed tax rates and budget for 2016, the commissioners court has approved each subsequent year's proposed tax rate and budget. Mootness is one part of a subject-matter jurisdiction inquiry, and defeats subject-matter jurisdiction due to lack of justiciability. *See City of El Paso v. Waterblasting Technologies, Inc.*, 491 S.W.3d 890, 903-04 (Tex.App.—El Paso 2016, no pet.). Mootness often arises when a controversy existed at the time suit was filed, but, due to events that occurred during the course of the proceedings, ceases to exist. *Id.* The County correctly notes in its brief that two exceptions to the mootness doctrine exist: (1) where an issue is "capable of repetition yet evading review;" and (2) the "collateral consequences exception." *See Gen. Land Office of State of Texas v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). We agree with the County that the collateral consequences exception does not apply in the instant case because the alleged prejudice experienced by the ESDs does not rise to the level as those cases where the courts have found the exception to apply. *See Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 18-19 (Tex.App.—Houston [1st Dist.] 1988, no pet.)(cases applying the collateral consequences exception are for acts such as wrongful conviction of a crime, wrongful adjudication as a juvenile delinquent, and wrongful commitment to a mental institution).

The County argues that the "capable of repetition yet evading review" exception does not apply either because it only applies for constitutional challenges to government action, and the

12

County disputes the merits of the ESDs' constitutional allegations. It is true that this exception is typically reserved for allegations of constitutional violations. *See Gen. Land Office*, 789 S.W.2d at 571. However, the exception is intended to apply where the act complained of occurs for such a brief period of time that before the allegedly aggrieved party has time to seek redress from the courts, the act ceases and the issue is rendered moot. *Id.*

Here, the parties agree that, whether a valid action or not, the Commissioners Court intends to exercise the power to approve or deny the ESDs' proposed tax rates and budgets on an annual basis pursuant to Section 775.305. Accordingly, the issues complained of by the ESDs—which do include alleged violations of the Texas and United States Constitutions, the merits of which we have not yet addressed—have the potential to arise year after year as the time comes for the next fiscal year's proposed tax rates and budgets to be submitted. The crux of the allegations made by the ESDs and the declaratory relief sought involves the validity of the statutes themselves and the scope of the power vested in the commissioners' courts thereunder, not the isolated act of the commissioners' courts denying the ESDs' proposed budgets and tax rates in 2016. We are therefore persuaded that the "capable of repetition yet evading review" exception to mootness applies here, even though the original act complained of is no longer at issue. We find the issue is not moot and proceed to the next phase of our jurisdictional inquiry.

### *Standing and Governmental Immunity under the Uniform Declaratory Judgment Act*

The concept of standing evolved from two subject-matter jurisdiction limitations: separation of powers and the open courts provision. *See Texas Ass'n of Business*, 852 S.W.2d at 443. Separation of powers prohibits one branch of government from exercising another branch's authority unless expressly permitted by the constitution. *Id.* at 444. In that vein, courts may not issue advisory opinions, which is a function of government reserved for the executive branch and

13

not the judicial. *Id.*

The UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction" and does not permit "the rendition of advisory opinions." *Id.* The hallmark of an advisory opinion is a decision on "an abstract question of law" that does not bind the parties in the suit. *Id.* Standing under the UDJA requires a plaintiff to "show 'a particularized, legally protected interest that is actually or imminently affected by the alleged harm.'" *Texas Dep't of Public Safety v. Salazar*, 304 S.W.3d 896, 906 (Tex.App.—Austin 2009, no pet.)(*quoting Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 882 (Tex.App.—Austin 2010, pet. denied)). Whether the ESDs have standing to bring an action against the County under the UDJA requires us to consider each item of requested declaratory relief individually to determine whether they have standing for each. *See id.,* (*citing Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163-64 (Tex. 2004))(stating that part of the justiciability inquiry is that the declaration sought actually resolves the controversy). We will therefore consider each item of relief sought in turn to determine first whether the ESDs have standing to seek such relief, and, if so, whether the County's governmental immunity is waived.

A county's immunity is derived from the state's sovereign immunity because it is a unit of state government, but its immunity is referred to as "governmental immunity." *Luttrell v. El Paso County*, 555 S.W.3d 812, 826 (Tex.App.—El Paso 2018, no pet.); *see also Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011)(sovereign and governmental immunity are related common law concepts that differ only in scope; their similarity sometimes causes the two terms to be used interchangeably). As we have noted previously, the Texas Supreme Court considers the State of Texas "inviolably sovereign," and enjoys sovereign immunity from suits seeking money damages. *See Luttrell*, 555 S.W.3d at 826. Sovereign immunity includes both

14

immunity from suit and immunity from liability. *Texas Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). In suits that do not seek damages and seek only equitable relief, the State enjoys immunity not just from the relief sought, but from the suit itself. *See City of El Paso v. Heinrich,* 284 S.W.3d 366, 371-72 (Tex. 2009). Likewise, states and their governmental units "are immune from suits under the UDJA unless the Legislature has waived immunity for the particular claims at issue." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). Both the County and the ESDs are governmental units. *See* TEX.HEALTH & SAFETY CODE ANN. § 775.031(a)(4)("A[n] [emergency services] district is a political subdivision of the state."); *Luttrell*, 555 S.W.3d at 826.

Because governmental immunity implicates a trial court's jurisdiction, in a suit against a governmental unit, the plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of that immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). As the County points out, a plaintiff may demonstrate a waiver of immunity by pointing to either an express legislative waiver, or a constitutional provision that permits the plaintiff to bring a claim against the governmental unit. *See Luttrell*, 555 S.W.3d at 826.

The ESDs' sole claim in this suit is for declaratory judgment pursuant to the UDJA. The ESDs make no express allegations of waiver in the Petition. In fact, the ESDs' brief on appeal explicitly states that they are not required to show waiver under the UDJA. However, the ESDs' position on this matter is contradicted by Texas case law. *See Sefzik*, 355 S.W.3d at 620.

There are certain situations where immunity is waived under the UDJA and a plaintiff can seek declaratory relief against a governmental unit. *See Luttrell*, 555 S.W.3d at 827-28 (finding that waiver may exist under the UDJA where the validity of a statute is in question). Thus, although waiver is not explicitly stated in the Petition, we follow the de novo standard and look

15

first to the pleadings to show if facts are plead where, when construed in favor of the ESDs, subject-matter jurisdiction exists. *See Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). In determining whether the ESDs have met their burden for properly alleging waiver, we must consider the facts alleged by the ESDs and the evidence submitted by the parties. *See Whitley*, 104 S.W.3d at 542. The UDJA is the only vehicle for relief pleaded by the ESDs; we must assume any basis for waiver of governmental immunity would necessarily arise under the UDJA, and not any other legislative waiver or provision of the Texas constitution.

The UDJA contains a limited waiver of immunity when the validity of a statute is contested. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 37.006(b); *Luttrell*, 555 S.W.3d at 827-28. Specifically, the waiver provision states,

> In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

TEX.CIV.PRAC.&REM.CODE ANN. § 37.006(b). Only where the validity of the statute itself is questioned—not the actions a governmental unit took under the authority of the statute—does the UDJA allow immunity to be waived. *Luttrell*, 555 S.W.3d at 828 (*citing Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011)).

Additionally, a plaintiff may bring claims against a government actor who is alleged to have violated a statute by acting without legal authority or failing to perform a purely ministerial act. *Luttrell*, 555 S.W.3d at 836-37. Such claims are brought under the ultra vires exception to governmental immunity. *Id.* However, the proper parties to an ultra vires claim are the government actors themselves, not the governmental entities for whom they act. *Id.* at 837 (*citing Sefzik*, 355 S.W.3d at 621). The ultra vires exception is based upon the understanding that acts taken by agents of the government without authority should not be considered acts of the

16

government. *Hall v. McRaven*, 508 S.W.3d 232, 239 (Tex. 2017). Suits brought under the ultra vires exception are not actually an attempt to reign in the state itself; rather, it is an attempt to "reassert the control of the State over one of its agents." *Luttrell*, 555 S.W.3d at 837 (*citing Heinrich*, 284 S.W.3d at 372). Here, the Petition does not include any factual allegations against individual government actors, nor are any individuals named as parties to the lawsuit. Moreover, the ESDs' brief states that, "[t]he challenge being made by the [ESDs] is to the statute and not to the interested parties." Accordingly, the ultra vires exception is not implicated and does not apply here to any of the declaratory relief sought.

1. **Requests for Statutory Interpretation or Construction or a Declaration of a Party's Rights Under Statute**

The first item of declaratory relief sought by the ESDs is, "Chapter 775(k)/775.305 [sic] of the Texas Health and Safety Code does not give to El Paso County, Texas, final approval authority over [the ESDs'] budgets and tax rates." We interpret this to mean the ESDs are seeking a declaration regarding the County's and the ESDs' rights under Subchapter K and Section 775.305, and/or for the trial court to construe the scope of the County's power over the ESDs in those provisions.

Generally, a plaintiff may seek a declaration of his or her rights under a statute or other law under the UDJA. *See, generally,* TEX.CIV.PRAC.&REM.CODE ANN. § 37.004(a). Because the declaratory relief sought by the ESDs here pertains particularly to their rights under Subchapter K, we believe they have pleaded adequate facts to confer standing to seek such a declaration in a court of law. However, in order to maintain that action against the interested party when that party has governmental immunity, they have to plead a valid waiver of immunity. *See Sefzik*, 355 S.W.3d at 621-22. Although not stated in their Petition, the ESDs' response to the County's plea to the jurisdiction, as well as their brief on appeal, makes clear that they contend the trial court has

17

subject-matter jurisdiction pursuant to Section 37.004(a) of the UDJA.  However, Section 37.004(a) of the UDJA is not a grant of jurisdiction and serves only as a procedural device where cases otherwise fall within a court's jurisdiction.  *Tabrizi v. City of Austin*, 551 S.W.3d 290, 297 (Tex.App.—El Paso 2018, no pet.); *Sefzik*, 355 S.W.3d at 621-22.  The UDJA "'is not a general waiver of sovereign immunity'" and "only waives 'immunity for certain claims.'"  *Id.*, (*citing Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)).

Regarding questions of statutory construction or interpretation, this Court previously determined that the Texas Supreme Court's decision in *Sefzik* denounces the notion that the UDJA waives immunity on claims involving statutory construction.  *See Tabrizi*, 551 S.W.3d at 297 (*citing Sefzik*, 355 S.W.3d at 621-22).  Although there may be a potential conflict brewing among cases out of the Texas Supreme Court, *Sefzik*, as the most recent authority from our state's high court on the matter, is the precedent we are compelled to follow.  *Id.*; *see also City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102, 111-12 (Tex.App.—Dallas 2013, no pet.)(discussing the evolution of the law regarding whether the UDJA waives immunity on a claim seeking only interpretation of a statute or a party's rights thereunder, and does not question the validity of the statute).  There is no waiver of the County's immunity under the UDJA to determine, interpret, or construe its or the ESDs' rights under Subchapter K or Section 775.305.  It thusly should have been dismissed by the trial court for want of jurisdiction.

## 2.  Complaints Regarding a Governmental Unit's Actions Taken Under a Statute

The ESDs' second request for declaratory relief is for the trial court to find that "Section 26.05(c) of the Texas Tax Code does not apply to the action taken by [the County] to reduce the tax rate adopted [sic]" by the ESDs' boards and "should not have been utilized by [the County] to reduce the adopted [sic] tax rates to the lower or effective tax rate for 2016 or actual tax rate for

18

2016." It appears from this request that the ESDs allege that the County improperly relied upon Section 26.05 of the Tax Code in reducing the ESDs' tax rates in 2016.

"[T]he UDJA does not permit a party to bring an action to challenge the actions that a governmental entity took under a statute, and instead, the validity of the statute itself must be challenged for governmental immunity to be waived." *Luttrell*, 555 S.W.3d at 828 (*citing Sefzik*, 355 S.W.3d at 622). The ESDs' request does not call into question the validity of Section 26.05 of the Tax Code, but rather questions the validity of the County's actions taken thereunder. The ESDs lack standing to seek that type of relief under the UDJA and likewise cannot show any waiver of immunity to obtain that declaration under the UDJA. *See Sefzik*, 355 S.W.3d at 622. Accordingly, the ESDs' second request for relief should have been dismissed by the trial court.

**3. Questions Regarding the Constitutional Validity of a Statute**

The ESDs allege in their third item of relief sought that Subchapter K and Section 775.305, specifically, "only applies [sic] to both Emergency Services Districts in El Paso County, Texas and to no other districts in the State of Texas;" and "is [sic] an unconstitutional infringement on ESDs' right to equal protection pursuant to the Fourteenth Amendment to the United States Constitution." The ESDs' fifth request for relief also discusses, albeit cryptically, that Fourteenth Amendment due process arguments allegedly raised by the County in a different lawsuit also apply to the ESDs in the instant case.

Texas law is well-settled that municipal corporations and other units of government are not vested with constitutional rights under the Texas or United States Constitutions. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996)(*citing Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex. 1966)). Accordingly, the ESDs lack standing to obtain the relief sought in their third and fifth requests for declaratory judgment. *See Proctor v. Andrews,* 972

19

S.W.2d 729, 734 (Tex. 1998)(*citing Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)(stating that units of government do not have standing to raise due process and equal protection challenges).

The ESDs' fourth request for declaratory judgment is for Subchapter K and Section 775.305 to be declared "unconstitutional infringement[s]" on their "independent authority as [] Special District[s]" under the Texas Constitution because those statutes allow the Commissioners Court to control their budgets and tax rates. However, they do not cite to any authority explaining how the County's oversight of their budgets and tax rates violates the Texas Constitution. They also do not cite to any provision of the Texas Constitution that either Subchapter K or Section 775.305 allegedly violates. If we construe their pleading broadly to allege that Subchapter K or Section 775.305 violates separation of powers, that argument fails. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 72 (Tex. 2000)("[T]he Constitution only guarantees the separation of the state legislative, executive, and judicial branches of government."). Levying taxes is a legislative power, whether carried out by a commissioners court or an emergency services district. *See State v. Houston & T.C. Ry. Co.*, 209 S.W. 820, 822 (Tex.Civ.App.—Galveston 1918, no writ)(noting that counties or other districts have no inherent power to tax, and any taxing authority they do have is conferred upon them solely at the discretion of the Legislature).

Furthermore, because emergency services districts derive their authority from the legislature, the ESDs cannot complain when the legislature then requires a commissioners court to oversee their management. *See Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex. 1966)("Municipal Corporations do not acquire vested rights against the State."); *Tooke v. City of Mexia*, 197 S.W.3d 325, 345 (Tex. 2006)("[A] governmental entity acquires no vested rights against the State."); *Houston & T.C. Ry. Co.*, 209 S.W. at 822 (a city whose existence and powers

are derived from the legislature and are subject to legislative control cannot complain when the legislature requires it to submit to an inconvenient court venue).

A unit of government may assert constitutional violations outside of the bill of rights where it is "charged with implementing a statute" that it believes violates the Texas or United States Constitution. *Proctor,* 972 S.W.2d at 734. "Implement" is defined as "carry out, accomplish[;] especially:  to give practical effect to and ensure of actual fulfillment by concrete measures[.]" *Implement*, MERRIAM-WEBSTER.COM, [http://merriam-webster.com/dictionary/implement](http://merriam-webster.com/dictionary/implement) (last visited Jan. 2, 2020).  Such is not the case here, nor do the ESDs plead it as a basis to confer standing or to waive the County's immunity.  The ESDs are not in charge of implementing Section 775.305 or the rest of Subchapter K.  *See* TEX.HEALTH AND SAFETY CODE ANN. § 775.305 (discussing budgetary and tax rate requirements that the commissioners court is required to implement as to the emergency services districts).  Rather, Subchapter K, generally, and Section 775.305, specifically, each prescribe the oversight that the commissioners court may choose to exercise over districts to which the subchapter applies, and specifically charges the commissioners courts to undertake certain acts regarding that oversight. *See id.*  In other words, the commissioners court is required to implement Subchapter K and Section 775.305, not the ESDs.

A reading of the ESDs' allegations and their declaratory relief sought potentially implicates the express waiver of governmental immunity contained in the UDJA regarding the constitutional validity of Subchapter K, and more specifically Section 775.305.  However, the ESDs failed to allege any constitutional claim for which they have standing to bring against the County under the UDJA.  It is thus not necessary to determine whether the County's immunity has been waived as to the relief sought in items 3, 4, and 5 of the ESDs' Petition.  The ESDs' third, fourth, and fifth requests for declaratory judgment fail to allege facts to confer subject-matter jurisdiction and

21

should have been dismissed by the trial court.

### *Further Amendment Will Not Cure the ESDs' Jurisdictional Insufficiency*

As we stated previously, the courts of appeals generally look favorably upon allowing a litigant to replead to cure jurisdictional defects. *See Koseoglu*, 233 S.W.3d at 839-40. However, the facts pleaded by the ESDs affirmatively negate the existence of jurisdiction. The ESDs' requested relief is squarely centered around the idea that their budgetary matters should not be subject to legislative curtailment under Subchapter K, and that the Commissioners Court should not be allowed to exercise authority over them pursuant to that curtailment and acted improperly by doing so. However, as the previous sections of this opinion detailed, the ESDs do not have standing to seek most of the relief claimed in their Petition. For the one item of relief in which the ESDs conceivably have standing—the declaration or interpretation of their rights under Subchapter K—the precedent is unequivocal that such relief does not waive governmental immunity under the UDJA. Further amendment will not cure these jurisdictional maladies.

### CONCLUSION

As to the Appellant's single issue, we sustain. The trial court erred in denying the County's plea to the jurisdiction because the ESDs have failed to adequately plead or prove the existence of subject-matter jurisdiction. Specifically, the ESDs' request for declaratory relief regarding the construction and/or interpretation of Texas Health and Safety Code 775(K) is insufficient to waive the County's immunity. The ESDs lack standing to request declaratory relief regarding the County's actions taken pursuant to Section 26.05(c) of the Texas Tax Code. The ESDs' requests for declaratory relief regarding alleged violations of the Texas and United States Constitutions fail as a matter of law since the ESDs lack standing to make such claims. The ESDs have otherwise failed to adequately plead or prove a valid waiver of the County's governmental immunity under

22

the Uniform Declaratory Judgment Act. Because the ESDs fail to articulate any grounds constituting a valid waiver of the County's sovereign immunity under the UDJA, and the facts they do allege indicate the presence of fatal jurisdictional defects which cannot be cured by further amendment, we find the trial court should have granted the County's plea and dismissed the ESDs' lawsuit against it.

We reverse and render judgment for the County of El Paso.

January 8, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.